The Indiana and Illinois R. R. Co. et al. v. Williams.

------◆◆◆------

The Indiana and Illinois R. R. Co. *et al. v.* Williams.

JURISDICTION—COMMON PLEAS.—The Court of Common Pleas has no jurisdiction to enjoin the execution of process issued out of the Circuit Court. It would seem that the statute, properly construed, requires that the Circuit Court and the Court of Common Pleas shall respectively enjoin, control and litigate with reference to their own process.

The Indiana and Illinois R. R. Co. et al. *v.* Williams.

APPEAL from the *Hendricks* Common Pleas.

. DAVISON, J.—Complaint for an injunction. The appellee was the plaintiff below, and the appellants were the defendants. It is alleged that the railway company, on *March* 5th, 1860, recovered a judgment in the *Hendricks* Circuit Court against *Williams* for 187 dollars and 71 cents, which judgment was upon an obligation on which *Williams* was surety, for one *Elisha Hornady*, who was the principal debtor to the company; that defendant, *Jorden*, being *Hornady's* agent, and having in hands means of *Hornady's* sufficient to pay the judgment for and in his *Hornady's* behalf, become replevin bail for the stay of execution on the judgment, and undertook to pay the same; that on *September* 25th, 1860, execution was issued on said judgment, which was placed in the hands of defendant, *Nichols*, the sheriff, who levied on certain personal property—describing it—which was given up by *Jorden* to satisfy the execution; that the sheriff took a bond for the delivery of the property so levied on, and advertised the same for sale, and afterwards the sale was postponed by agreement between *Jorden* and one *Clark*, the president of the company, without the knowledge of *Williams*, and the execution was, by the order of said *Clark*, returned; that on the 26th of *June*, 1861, a *venditioni exponas* was issued, commanding the sheriff to sell the property levied on, "which *vendi* is now in his hands, and which he has now levied on the real estate of *Williams*, and advertised the same to be sold on the 1st of *October*, 1862," without first selling the personal property given up on the first execution, which property so given up was amply sufficient to satisfy said execution and all costs, &c. And the plaintiff files herewith a transcript of the several executions referred to, and prays that the sheriff be enjoined from selling said real estate, and that he be ordered to sell the personal property, &c.

Defendants demurred to the complaint, but the demurrer

was overruled and they excepted. Proper issues having been made, the cause was submitted to the Court, who found for the plaintiff, and, having refused a new trial, adjudged that the railway company and the sheriff, *Nichols*, be perpetually enjoined from collecting the judgment of *Williams*, the plaintiff, and that he recover his costs, &c.

The judgment, which the complaint describes, was rendered in the *Hendricks* Circuit Court, and hence it is insisted that the Common Pleas had no power to enjoin or otherwise control the process of that Court. Anterior to the revision of 1852 the jurisdiction, in cases of this sort, was vested in the Court of equity. But the statutes now in force abolish all distinction between actions at law and suits in equity, and in reference to proceedings for injunctions, enact that injunctions may be granted by the Circuit Court and Court of Common Pleas in their respective counties. 2 R. S., G. & H., pp. 23, 131, §§ 1, 136. This provision simply confers jurisdiction; but does not, even impliedly, allow one of these Courts to enjoin the proceedings or process of the other. Nor does it seem consistent with any correct rule of procedure that a party, who has instituted an action, recovered a judgment and obtained final process in one Court, should be compelled to litigate matters connected therewith before a different tribunal. In *New York* it has been expressly decided, under statutory provisions, in effect the same as those to which we have refered, that "no Court of that State can rightfully enjoin a party from proceeding in a suit in another Court of the same State, having equal power to grant the relief sought by the complaint on which such injunction is asked." *Grant v. Quick*, 5 Sandf. 612; *Bennett v. LeRoy*, 5 Abbott Pr. R. 55. The principle involved in these decisions seems to apply to the case before us. Indeed, there is no legal propriety in allowing the Common Pleas, a Court of inferior jurisdiction, to enjoin and adjudicate upon the validity of process issued

from the Circuit Court. And the statute, properly construed, in our judgment, intends that each of these Courts shall enjoin, control and litigate in reference to its own process. *Id.* §§ 136, 137. Other points are made and discussed, but the Common Pleas, having no power to hear and determine the cause, they do not properly arise in the record.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Nave & Witherow,* for the appellants.