*John Morris*, for appellant.
*W. H. Combs*, for appellee.

———————————o———————————

## MACY and Another *v.* LLOYD.

INJUNCTION—EXECUTION FROM SUPREME COURT.—When execution is issued upon an erroneous judgment of the Supreme Court, the remedy of the aggrieved party is by motion in the Supreme Court to set aside the judgment and execution; and it is error in such case for the Common Pleas Court to grant a perpetual injunction.

APPEAL from the *Miami* Common Pleas.

PERKINS, J.—An execution issued on a judgment in the Supreme Court for costs.

*Lloyd*, against whom it issued, filed a complaint for an injunction before the judge of the *Miami* Common Pleas. The injunction upon the collection of the execution was made perpetual by the Common Pleas Court. It was upon the clerk of the Supreme Court, who issued the execution, and the sheriff of *Miami* county, who was attempting to collect it. *Lloyd* did not pretend that he had paid the judgment for costs against him, but based his complaint upon the ground that the judgment in the Supreme Court against him, if there was one, as the writ of execution recited, was erroneous.

His remedy was to have moved to set aside the judgment and writ upon it in the Supreme Court, upon a proper affidavit. If a judge of that court could not have granted him a temporary restraining order on such affidavit and motion till the same could be heard by the court, perhaps the Common Pleas might have granted such order. See Curtis' Dig. 243. *The Indiana and Illinois Railroad Company* v. *Williams*, 22 Ind. 198; *Dunn* v. *Crocker, Id.* 324. See *Hall* v. *Palmer et al.*, 18 Ind. 5.

*Per Curiam.*—The judgment below is reversed, with costs, remanded, etc.

*Ross & Effinger*, for appellants.

*E. F. Dickey* and *D. D. Pratt*, for appellee.