GREGORY *v.* PERDUE.

AGREED CASE.—JURISDICTION.—An agreed case, under the statute, presented the following facts: A commenced a proceeding for the foreclosure of a mortgage upon lands, executed by B and his wife; B died pending the suit, and his widow and heirs were made defendants, and a decree for the sale of the lands entered. The venue having been changed from *Warren* county, where the lands were, the decree was entered in the *Boone* Circuit Court. Subsequently B's administrator sold the land for the payment of the debts, subject to A's decree and to the rights of B's widow, and C became the purchaser. A afterwards purchased and took a conveyance from the widow of B of her interest in the land. Upon these facts A claimed that the portion of the lands which descended to B's heirs was liable to be sold to pay the mortgage decree before the widow's portion purchased by him, while C claimed that the widow's portion should contribute to the payment of the decree, and the question was submitted to the *Warren* Circuit Court, where a decree was rendered that the widow's portion should not be sold until that which descended to the heirs had been exhausted.

*Held*, that under the statute authorizing agreed cases, the statement of facts must show a cause of action in favor of one party against the other.

*Held*, also, that as the whole land was subject to be sold to satisfy the decree, no such question could arise between the parties as presented until it appeared that a surplus would remain.

*Held*, also, that the *Warren* Circuit Court could not modify the decree of the *Boone* Circuit Court.

APPEAL from the *Warren* Circuit Court.

RAY, J.—This case was submitted to the court below upon an agreed statement of facts, verified by affidavit of the appellant, that the controversy is real and the proceedings in good faith, to determine the rights of the parties.

Gregory v. Perdue.

On the 5th of *January*, 1859, *Charles High*, now deceased, and his wife *Elizabeth D. High*, made an absolute warranty deed to *Perdue*, conveying 1,615 acres of land, in *Warren* county, for an expressed consideration of $18,000. Afterwards *High* and wife claimed that the conveyance purporting to be a deed was really only a mortgage, and instituted a suit in the *Warren* Circuit Court to have it so adjudged, and for a redemption of the same. Pending this suit, in 1864, *Charles High* died, and the same was revived in the names of his widow and children, who are his heirs, and a change of venue was taken to the *Boone* Circuit Court, where a decree was rendered in *March*, 1866. By this decree, it was adjudged that the conveyance was a mortgage, and that there would be due upon it, on the 1st day of *March*, 1868, the sum of $30,000, for which the lands were liable, and in default of its payment the premises, or so much as might be necessary, should be sold. In short, it is an ordinary decree of foreclosure against the widow and heirs upon the whole lands. After this decree was rendered, one *Levin T. Miller*, the administrator of *High's* estate, filed his petition in the *Warren* Common Pleas Court, showing the debts to be over $60,000, and that the personalty was less than $100, and procured an order for the sale of all said lands, "subject to the specific lien of *Perdue* for the $30,000 decree, and subject to the interest of the defendant, *Elizabeth D. High*, as widow of said decedent."

On the 15th of *March*, 1867, *Miller*, as administrator, sold the lands to the appellant *Gregory*, "subject to the interest of Mrs. *Elizabeth D. High*, widow of said decedent, and also subject to a specific lien in favor of *John Perdue* for the sum of $30,401." The sale to *Gregory* was for $24,239 15. (We may remark, parenthetically, that *Perdue* had a lien for $401, in addition to the *Boone* Circuit Court decree, which is since paid.) In pursuance of this sale, which was reported and confirmed, *Miller* made *Gregory* a deed for "four-fifths of the lands."

On the 29th of *January*, 1867, *Perdue* purchased of Mrs. *High*, who was the only wife *Charles High* ever had, and who was still his widow, all her interest in said lands, and took a quit-claim deed therefor. The appellee, *Perdue*, claimed that under the foregoing facts, the undivided four-fifths of the lands which descended to the heirs were first liable to be sold to pay said *Boone* Circuit Court decree, and, if sufficient therefor, that the interest of the widow, being one-fifth of the lands conveyed to him by her, should not be bound to contribute any part of it, while appellant, *Gregory*, claimed that the widow's interest should contribute its *pro rata*.

The court below, upon these facts, found and adjudged that the four-fifths of the lands owned by the appellant should be sold first, and if sufficient for that purpose, that the lands conveyed to *Perdue* should not contribute toward the payment of the decree. A motion for a new trial, by the appellant, having been overruled and exceptions duly taken, this action of the court below is before this court for review. The statute provides that "parties shall have the right, in all cases, by an agreement to that effect, to submit any matter of controversy between them, to any court that would otherwise have jurisdiction of such cause, upon an agreed statement of facts, to be made out and signed by the parties." 2 G. & H., § 386, p. 222. We think it must appear, from such statement of facts, that there exists a cause of action in favor of one of the parties against the other.

Is there any cause of action disclosed here? The plaintiff asks to have a decree obtained in his favor in the *Boone* Circuit Court, for the foreclosure of his mortgage, and sale of the property, modified by the judgment of the *Warren* Circuit Court. But the appellee was a party to that action, and secured all he was at that time entitled to, and he has not since acquired any rights which entitle him to have that decree now changed. The widow, whose title he has subsequently purchased, was also a party to the decree, and

he must take her title, subject to the lien he has placed upon it. The widow had joined with her husband in the execution of the mortgage to the appellee, and her interest in the property so incumbered must be subject to the decree of foreclosure. It does not appear by the agreed statement of facts, that there will be any surplus remaining, either of money or property, after the execution of the decree by the sale of the property. Until such surplus is realized, there can be no question as to the rights of the appellant or appellee, in any excess. If the property does not produce more than the amount of judgment, interest and costs, it must be all applied to discharge the decree, and no question will arise to involve the parties in a controversy. The appellant declines to find any fault with the decree of foreclosure, but is content to have it executed.

Again, would the *Warren* Circuit Court have any jurisdiction to modify or change a decree of the *Boone* Circuit Court in the execution thereof? The rule is quite well settled, that one court cannot control the execution of the orders or process of any other court of equal jurisdiction. *The Indiana and Illinois Railroad Co. et al.* v. *Williams*, 22 Ind. 198. By what process it was intended to compel the sheriff, in executing the decree of one circuit court, to be governed by the orders of another circuit court, so far as to disregard the terms of the decree, we do not understand.

We are satisfied that there was no case presented by the agreed statement of facts, authorizing the action of the *Warren* Circuit Court, and that judgment is therefore reversed, and the cause remanded, with directions to dismiss the proceedings.

GREGORY, J., being a brother of one of the parties, did not sit in the case.

*B. F. Gregory, J. Harper, J. Park, L. T. Miller* and *Z. Baird,* for appellant.

*H. W. Chase* and *J. A. Wilstach,* for appellee.