## COLEMAN *v.* BARNES.

JURISDICTION.— *Circuit Court.*—The circuit court has not jurisdiction to review the record and judgment of the court of common pleas in a proceeding upon an application of a guardian to sell real estate, for the purpose of correcting a misdescription of the premises intended to be sold.

APPEAL from the Montgomery Circuit Court.

RAY, J.—Proceedings in the Montgomery Circuit Court to correct the record and judgment of the court of common pleas of the same county in regard to the application by a guardian to sell certain real estate, the order of sale, the report of the sale, and the confirmation of the same; in

all which proceedings, from the petition to sell to the confirmation of the sale, it was alleged there existed a misdescription of the premises intended to be sold. It was also claimed that after said property had passed through the hands of several succeeding purchasers, each deed containing the same error, it was mortgaged by the last purchaser by the same erroneous description.

The minors on whose behalf the guardian acted were made parties, and a judgment was rendered requiring the clerk to make the corrections desired. The want of jurisdiction in the circuit court over the cause is assigned for error. The objection is well taken. In *The Indiana & Illinois R. R. Co.* v. *Williams,* 22 Ind. 198, the principle was recognized that either of these courts, as to proceedings within its jurisdiction, is independent of the other, and in *Gregory* v. *Perdue,* 29 Ind. 66, it is stated, that "the rule is quite well settled, that one court cannot control the execution of the orders or process of any other court of equal jurisdiction." Nor can one court modify or change the record of another court of equal jurisdiction. But here the attempt is made by a court having no jurisdiction of the subject matter in which the alleged error occurred, to review and correct the proceeding of the only court having authority to act.

The judgment is reversed, with costs, and the cause remanded, with direction to dismiss the application.

*J. W. Gordon* and *W. March,* for appellant.

*P. S. Kennedy* and *R. H. Galloway,* for appellee.