## WILEY v. PAVEY ET AL.

BANKRUPTCY.—*Involuntary Bankrupt's Discharge Attacked Collaterally.—Pleading.—Fraud.—Notice.—Jurisdiction.*—In an action by an assignee, against the maker, on a promissory note, wherein the defendant pleaded his discharge in involuntary bankruptcy subsequent to the execution of the note in suit, the plaintiff replied, alleging that such discharge had been fraudulently obtained by the bankrupt by omitting from the schedule of his property certain personal property owned by him, and by omitting therefrom such note and the names of both the assignee and payee thereof; and also alleging that neither such assignee nor payee had received any notice of such proceeding, "according to the law of Congress."

*Held*, on demurrer, that the reply is insufficient.

*Held*, also, that the averment as to notice is a mere averment of a conclusion of law, as notice by publication to all whom it may concern gives jurisdiction over the persons of all creditors, whether they are or are not named in the schedule.

*Held*, also, that such discharge can not be attacked collaterally for fraud or irregularity practised in the proceedings in which it is obtained.

*Held*, also, that the remedy in such case can be granted only by the court granting the discharge, on application made within two years thereafter.

· From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*S. A. Bonner, J. L. Bracken, J. D. Miller* and *F. E. Gavin*, for appellees.

PERKINS, J.—Suit by Rankin Wiley, assignee of William J. Wiley, upon a promissory note, against John J. Pavey, the maker.

The note was for two hundred and twenty-one and $\frac{91}{100}$ dollars, was dated the 25th day of December, 1868, and due one day after date.

Answer, a discharge in involuntary bankruptcy on the 12th day of September, 1874.

Reply in two paragraphs:

"1. That said defendant Pavey, in said proceedings in bankruptcy in said answer and in said discharge mentioned, fraudulently, wilfully and falsely failed and refused to exhibit and make a schedule of a large amount of his property, then, and before the filing of said sched-

ule in bankruptcy, owned, possessed and held by him,. to wit: ten head of cattle, worth two hundred dollars; fifty head of sheep, worth one hundred dollars; six head of horses, worth six hundred dollars, and four head of mules, worth five hundred dollars; and that said plaintiff had no notice of said proceedings in bankruptcy, nor was any notice given to the payee of the note in suit.. Wherefore plaintiff says said discharge was obtained by fraud and illegality, and is void."

It is not averred, that notice to all the world by publication was not given.

"2. And for further reply to said answer, said plaintiff says, that said Pavey, in said bankruptcy proceedings mentioned in said answer, and his schedule filed therein, wholly failed, and wilfully and fraudulently refused, to mention or set forth, among the list of his creditors in said bankruptcy, the said note herein sued on, or to name the said William J. Wiley, the payee thereof, or the name of this plaintiff, the holder and owner thereof; and plaintiff avers, that he had no notice of said bankruptcy proceeding, nor was he, nor was the payee of said note, notified of said proceeding according to the law of Congress in that behalf made and provided, nor did said payee or said plaintiff appear in said bankruptcy proceeding in any way or manner whatever."

The allegation is a conclusion of law, that he did not have notice according to the law of Congress. This, by implication, admits some kind of notice. General notice by publication is not denied.

Demurrer to the paragraphs of reply sustained.

Judgment for defendant.

It is well settled law in this State, that a judgment of a court of general jurisdiction, in a case requiring ordinary adversary proceedings, where it has jurisdiction of the subject-matter and person, is not void, and can not be attacked collaterally for fraud or irregularity in the proceedings in which it is obtained. *Horner* v. *Doe*, 1 Ind..

130; *Anderson* v. *Fry*, 6 Ind. 76; *Dilling* v. *Murray*, 6 Ind. 324. The United States District Court, sitting in bankruptcy, is such a court. *Hays* v. *Ford*, 55 Ind. 52.

Judgments *in rem* may be valid without personal notice having been served on the owner, jurisdiction having been acquired of the property. *Thornton* v. *Hogan*, 63 Mo. 143, on p. 148. The court in bankruptcy has jurisdiction to distribute the property, the assets of the bankrupt, among his creditors, and to discharge him. In the usual course of these proceedings, no personal judgment is rendered against a creditor, but notice is given that they may come in and be heard in these matters, if they desire to, but such notice is not a jurisdictional fact in the bankruptcy proceedings. In the application of these principles, it may be considered as established by judicial decision, that a discharge in bankruptcy can not be impeached collaterally for any of the causes alleged in the paragraphs of the reply in this case. *Thomas* v. *Jones*, 39 Wis. 124; *Thurmond* v. *Andrews*, 10 Bush, (Ky.) 400; *Black* v. *Blazo*, 117 Mass. 17; *Rayl* v. *Lapham*, 27 Ohio State, 452; *Pattison* v. *Wilbur*, 10 R. I. 448. These cases hold, that the remedy for fraud and other irregularities, in obtaining his discharge by a bankrupt, must be sought by an application to the court in which the discharge was granted, to set the same aside, which such court may do, under section 34 of the bankrupt act, at any time within two years.

The following cases are to the same effect: *The Ocean National Bank* v. *Olcott*, 46 N. Y. 12; *Oates* v. *Parish*, 47 Ala. 157; *Corey* v. *Ripley*, 57 Me. 69; *Parker* v. *Atwood*, 52 N. H. 181.

In the case before us, it is not denied that the court in bankruptcy had jurisdiction of the subject-matter, and of the person of the bankrupt; but it is insisted, that it had not jurisdiction of the holder of the note in suit, a creditor of the bankrupt; and this because he had not received personal notice of the proceeding in bankruptcy.

.It is not denied that he had notice by publication, and it is held that this gives jurisdiction.    *Thurmond* v. *Andrews, supra; Thornton* v. *Hogan, supra.*

In the latter case, it is said: " The bankrupt act requires, in addition to the notice to creditors in the schedule, that a publication be made in the newspapers of the application for a discharge.  This notice is to all interested in the estate; and in *Stevens* v. *Mechanic's Bank*, 101 Mass. 109, it is held that all persons, whether noted :as creditors in the schedule or not, are bound to take notice of the issuing of the warrant and the proceedings under it; that they are bound by it, whether they had any :actual knowledge of it or not."

.    The judgment is affirmed, with costs.