No. 9,342.

PLUNKETT ET AL. *v.* BLACK.

PLEADING.— *Written Instrument.—Exhibit.—Practice.*—A written instrument which is filed with a complaint, but is not the foundation of the action, is not a part of the pleading and will not be considered in aid of it.

JUDGMENT.— *Annulment— Injunction.— Compromise. — Contract.— Considera-tion.*—A complaint to annul a judgment and enjoin a levy thereunder, alleging that the parties to the judgment had entered into an agree-ment compromising the matters in difference between them and stipu-lating that a new trial should be granted the plaintiff and a judgment rendered in his favor, and alleging further that the plaintiff had per-formed the contract on his part, but not stating the contract more fully or averring a consideration, is bad.

SAME.—*Breach of Contract to Release.—Damages.*—An executory contract for the release of a judgment is not effective until its conditions have been performed; but a failure of the judgment holder to comply with the contract makes him liable in damages to the judgment debtor, if the latter has performed on his part.

JURISDICTION.—*Injunction.—Process of Another Court.—Annulment of Judg-ment.*—The circuit court of one county has no jurisdiction of an action by a judgment debtor to annul a judgment rendered by the circuit court of another county, or to enjoin the levy of an execution issued thereon.

From the Montgomery Circuit Court.

*G. W. Paul, J. E. Humphries* and *W. M. Reeves,* for ap-pellants.

*P. S. Kennedy, W. T. Brush, B. W. Hanna* and *F. T. Hord,* for appellee.

BERKSHIRE, J.—The record in this case was filed in this court on the 29th day of March, 1881, and a judgment re-versing the cause entered on the 28th day of October, 1882.

On the 14th day of December, 1882, the appellants filed their petition for a rehearing, and, on the 20th day of April, 1883, a rehearing was granted, since which time further con-sideration has not been given to the case.

The errors assigned are six in number, but the conclusion

to which we have come will only require a discussion of the first three of them.

The first is that the court erred in overruling the separate demurrer of the appellant Plunkett to the complaint.

The second is that the court erred in overruling the separate demurrer of the appellant Krug to the complaint.

The third is that the court erred in overruling the joint demurrer of the appellants to the complaint.

The cause of demurrer assigned in the separate demurrers is, that the complaint does not state facts sufficient to constitute a cause of action.

The cause of demurrer assigned in the joint demurrer is, that the court did not have jurisdiction of the subject-matter of the action.

The action was commenced, tried, and judgment rendered in the Montgomery Circuit Court.

The facts as stated in the complaint are, in substance, as follows: In the month of December, 1879, the appellant Plunkett recovered a judgment in the Parke Circuit Court against the appellee for the sum of $2,500; subsequently the appellee filed a complaint for a new trial, after which Plunkett, through his attorneys and agents, Thompson & Thompson, entered into an agreement of compromise of said case, and all matters in difference between them, by which the said Plunkett agreed with the appellee that a new trial should be granted, and that the record of the court should show a trial by the court, and finding and judgment for the defendant; that a copy of the agreement is filed with the complaint as exhibit A; that the appellee has complied with the agreement fully on his part; that Plunkett has caused an execution to issue on the judgment, and the same is in the hands of the sheriff of Montgomery county, who is threatening to levy upon and sell the property of the appellee.

Then follows the prayer for relief, which is that the judgment be annulled and satisfied, and for general relief.

The written agreement, which is referred to in the com-

plaint, and a copy of which is filed with it ·as exhibit A, is not, in a legal sense, the foundation of the action, and is not, therefore, within section 362, R. S. 1881.

The appellee did not count on the agreement, and ask to recover thereon. The gravamen of the action is to annul a judgment and enjoin the sheriff of Montgomery county from levying an execution issued thereon upon the property of the judgment debtor.

The exhibit is not a part of the pleading, and can not be considered in aid of it. *Black* v. *Richards,* 95 Ind. 184; *Johnson* v. *Moore,* 112 Ind. 91; *Hight* v. *Taylor,* 97 Ind. 392.

That a judgment may be annulled, or collection thereof enjoined, where its obtainment is tainted with fraud, is no longer an open question. And no one will question the correctness of the position that when a judgment is once released, annulled or cancelled, it thereafter has no vitality, and that an execution issued thereon is a mere nullity, and that a levy and sale of property by its command will be enjoined.

Counsel for the appellee contend in support of the complaint that the facts pleaded had the effect to release the appellee from liability upon the judgment. We are not of this opinion.

The terms of the agreement and the obligations of the parties thereunder are not stated in the complaint. It is stated that, by the agreement, the parties compromised all matters in difference; that a new trial was to be granted and a finding and judgment entered for the appellee. What the matters in difference were, other than had been disposed of by the trial of the case, we are not informed; there may have been nothing else.

It is alleged that the appellee fully performed his part of the agreement, but what that was is not disclosed by the complaint.

It is averred that the appellee had a complaint pending for a new trial; what was to become of it or what has been

done with it, the complaint does not state. The facts averred come far short of what would be required to work a release or discharge of an ordinary chose in action, and much more so where the obligation is of the highest order, evidenced by the judgment of a court of record. But had the agreement which it is averred the parties entered into operated to release and discharge the judgment, if bottomed on a sufficient consideration, so far as we know it was an agreement without consideration.

There should have been such a description of the contract in the complaint as to make known its character, and whether or not it imported a consideration, and if not, a consideration should have been averred.

It not appearing that the contract was one importing a consideration, and none being averred, the complaint is bad for that reason. *Brush* v. *Raney,* 34 Ind. 416; *Leach* v. *Rhodes,* 49 Ind. 291.; *Nichols* v. *Nowling,* 82 Ind. 488; *Higham* v. *Harris,* 108 Ind. 246.

We are of the further opinion that the contract was executory. *Bruce* v. *Smith,* 44 Ind. 1; *Farrington* v. *Tennessee,* 95 U. S. 679, see p. 683. If an executory contract, until executed the judgment continued in full force.

The contract could only become an executed contract when all of the obligations resting upon the parties thereto had been performed.

A failure of either party to perform its conditions on his part would be a breach of the contract, for which, like any other executory contract, he could be held to respond in damages. If Plunkett, after a performance on the part of the appellee, refused to allow the Parke Circuit Court to grant a new trial and render judgment for the defendant, this broke the contract on his part, and the appellee had his right of action because of the breach. And, unless because of the fact that the contract could not be fully executed without the con-

sent of the Parke Circuit Court, it is probable that specific performance could have been enforced.

The last question we care to consider is, had the Montgomery Circuit Court jurisdiction of the subject-matter of the action? Our conclusion is that it had not.

The prayer for relief in the appellee's complaint was that the judgment of the Parke Circuit Court be annulled and the levy of the execution issued thereon enjoined.

The Parke Circuit Court was a court of equal jurisdiction to that of the Montgomery Circuit Court. The execution, the service of which the appellee sought to enjoin, was the process of that court. The rule is settled in this State, that one court can not control the execution of the orders and process of another court of equal jurisdiction. *Indiana, etc., R. R. Co.* v. *Williams,* 22 Ind. 198 ; *Gregory* v. *Perdue,* 29 Ind. 66 ; *Coleman* v. *Barnes,* 33 Ind. 93 ; *Wiley* v. *Pavey,* 61 Ind. 457.

It is claimed that the case of *Davis* v. *Clark,* 26 Ind. 424, lays down a different rule, but we are not of that opinion. There the complaint was filed in the circuit court, a court of general jurisdiction, and having almost exclusive jurisdiction in cases involving the title to real estate. Nor was it sought in that case to enjoin the execution of a judgment in the common pleas court, nor to enjoin the execution of final process issued thereon. The action was simply to enjoin the sheriff from selling the plaintiff's lands under an execution against another party, to which it was claimed they were not subject, and to prevent a cloud from being cast upon the plaintiff's title.

Here it is sought to annul the judgment of the appellant Plunkett, and to enjoin perpetually the execution of final process issued thereon, and the action is brought by the judgment debtor.

The judgment rendered in this case does not, in terms, annul and set aside the judgment of the Parke Circuit Court, but that is its legal effect.

The sheriff of Montgomery county is perpetually enjoined from levying the execution issued upon it, and the costs of the action are adjudged against the appellants.

The case rests wholly and entirely upon the theory that the agreement referred to in the complaint annulled and cancelled the judgment of the Parke Circuit Court. The sole question involved is as to the right of Plunkett to enforce that judgment.

The judgment is reversed, with costs.

