No. 15,536.

ENGLISH v. ALDRICH ET AL.

MORTGAGE.—*Action to Foreclose by Junior Mortgagee.—Senior Mortgagee Made Party.—When not Barred by Judgment.*—Where the holder of a senior mortgage was made a party defendant to an action brought by a junior mortgagee to foreclose his mortgage, and the complaint only called in question such liens as had accrued since the mortgage in suit was executed, the judgment therein that the mortgage sued on was the prior lien on the premises would not bar the right of the senior mortgagee, who simply filed a general denial and allowed judgment to be taken against him by default, to have his mortgage subsequently foreclosed.

SAME.—*When Senior Mortgagee Barred by Judgment.*—Where the holder of a junior mortgage instituted an action to foreclose the same and made a senior mortgagee a party defendant to the action, and the complaint alleged that the several defendants had or claimed to have some interest in or lien upon said mortgaged premises, "but if any such interest, lien or claim exists in behalf of them, or either or any of them, it is junior and subordinate to the lien of said mortgage," and the senior mortgagee failed to plead his prior mortgage, and the mortgage sued on was held to be senior to any lien held by any of the defendants, the judgment estopped the senior mortgagee from subsequently asserting his right under his mortgage.

SAME.—*When Equity Will not Relieve Against Judgment.*—Where in the latter case the counsel for the senior mortgagee were informed by a clerk in the office of plaintiff's attorney that he was made a party to the foreclosure suit in order to bar his equity of redemption under a judgment for costs he held, and for no other purpose, the appellant had no right to rely upon such statement as against the allegations in the complaint against him and the facts do not make a case calling for the exercise of the inherent power of a court of equity to set aside a judgment obtained by fraud or rendered through the mistake of the court. Such power will only be exercised when the party asking it is without fault, and where he proceeds without unreasonable delay after discovery of the fraud or mistake.

From the Marion Superior Court.

J. S. Duncan and C. W. Smith, for appellant.

J. Coburn, for appellees.

COFFEY, J.—This was an action by the appellant against the appellees to foreclose a mortgage upon certain described lots in Woodruff Place, in Marion county. It appears by

the pleadings in the cause, as well as by the special findings of the court, that the mortgage which the appellant is seeking to foreclose was executed by James O. Woodruff to Daggy, Allen and McClain, on the 2d day of October, 1872, to secure certain promissory notes therein described, and that it covered lots 71 and 106, in Woodruff Place. The appellant became the owner of the notes by assignment. On the 4th day of August, 1873, Woodruff sold and conveyed lot 71 to Nicholas R. Ruckle, who assumed the payment of one of the notes held by the appellant, as part of the purchase-price of the lot, and executed to Woodruff a mortgage back on the lot to secure certain promissory notes of that date executed for the balance of the unpaid purchase-price. These last named notes were assigned by Woodruff to the appellees, John Beatty, John G. Mitchell and William Beatty. On the 24th day of August, 1876, Beatty, Mitchell and Beatty commenced their action in the Marion Superior Court against Ruckle, the appellant William H. English, and others, to foreclose the mortgage executed to secure the notes so assigned to them. The appellant was duly served with process. The allegations in the complaint so far as they related to the appellant were as follows : " The defendants, * * * William H. English (and others), have or claim to have some interest in or lien upon said mortgaged premises, accrued since the lien of said mortgage upon which this action is instituted." The prayer of the complaint was as follows : " Wherefore, the plaintiffs demand judgment as follows : First. That each and all of said defendants and all persons claiming under them, or through them, or either of them, may be foreclosed of all equity of redemption, or other interest in said mortgaged premises."

After the service of process, the appellant placed the case in the hands of his attorneys, who called upon the attorneys for the plaintiffs in the case to ascertain why the appellant was made a party, and in response to an inquiry upon that subject they were informed that the appellant had a mere

nominal interest in the suit, consisting of a judgment for costs, which was a junior lien on the mortgaged premises, and that he was for that reason alone made a party. Relying on this statement and the allegations contained in the complaint, the appellant, by his attorneys, filed a general denial to the complaint. Subsequently the cause was called for trial in the absence of the appellant's counsel, and he was defaulted and the cause tried by the court. The court adjudged and decreed that the mortgage then sued on was the first and paramount lien on the mortgaged premises. The property was sold by the sheriff and bid in by the appellees in satisfaction of their mortgage. The court finds that the failure of the appellant to set up his prior mortgage was owing to the mutual mistake of the attorneys in the cause growing out of the belief that the judgment for costs above mentioned was the only lien against the property held by the appellant at that time.

The appellant remained in ignorance of the fact that the decree affected his prior lien until December, 1879, and upon the discovery of the facts he at once endeavored to adjust the matter with the appellees, but never succeeded, but before any positive refusal on their part to adjust the matter this suit was instituted.

On the 9th day of October, 1877, Tillman A. H. Johnson, having become the owner of lot 106 in Woodruff Place, executed a mortgage thereon to the Indianapolis Savings Bank to secure certain notes therein described, and, on the 19th day of December, 1878, said bank filed its complaint in the Marion Superior Court to foreclose said mortgage, making parties thereto the appellant and others.

In this complaint were the following allegations: "It is also alleged that the several defendants hereto have, or claim to have, some interest in or lien upon said mortgaged premises, but if any such interest, lien or claim exists in behalf of them, or either or any of them, it is junior and subordinate to the lien of said mortgage."

The appellant was duly served with process, and thereupon referred the case to his counsel to look after and make his defence. Such counsel called at the office of the attorney who brought the suit, and was shown an abstract of title, upon which appeared a small judgment for costs in favor of the appellant, which was a junior lien upon said lot, and was informed by the clerk in charge of the office, that the appellant was made a party to the foreclosure suit in order to bar his equity of redemption under said judgment for costs, and for no other purpose.

Relying on said statement, and being ignorant that appellant had any other interest therein his counsel, as a matter of form, filed an answer therein consisting of the general denial and a plea of payment.

Judgment was subsequently rendered in said cause, wherein it was decreed, as against the appellant, that the mortgage held by the bank was senior and paramount to any lien held by the appellant.

Within sixty days after the rendition of the decree the property was sold by the sheriff on a certified copy thereof. The court also found that the failure to set up the senior mortgage held by the appellant, in that suit, was the result of a mutual mistake between the attorneys of the appellant and the attorneys for the bank. The appellant remained ignorant of the terms of this decree, and of the facts in the case for several years after the decree was rendered, but when he did learn the same he at once endeavored to adjust the matter with the bank, failing in which he instituted this suit.

The court found as a conclusion of law upon the foregoing facts that the appellant was estopped and barred by the decrees above mentioned from foreclosing his mortgage lien on either lot seventy-one or lot one hundred and six.

The assignment of error calls in question the correctness of this conclusion.

It is contended by the appellant that inasmuch as a court of equity possesses the inherent power to set aside or relieve

a party from a judgment taken against him by a fraud practiced upon the court, or by the mistake of the court without the fault of the party against whom the judgment is rendered, the court should exercise that power in this case, and relieve him from the injurious effects of the decrees here involved.

It is undoubtedly true that a court of equity does possess the inherent power, independent of any statutory provision, to annul and strike from its records a judgment procured and entered by the perpetration of a fraud upon the court; and it is also true that many cases are to be found where such power has been exercised as to judgments rendered by mistake. *Nealis* v. *Dicks,* 72 Ind. 374; Freeman Judgments, sections 484, 516; *Earl* v. *Earl,* 91 Ind. 27; *Cavanaugh* v. *Smith,* 84 Ind. 380; *Harman* v. *Moore,* 112 Ind. 221; *Nicholson* v. *Nicholson,* 113 Ind. 131; *Hogg* v. *Link,* 90 Ind. 346; *Weiss* v. *Guerineau,* 109 Ind. 438; *Millspaugh* v. *McBride,* 7 Paige Ch. 509; *Johnson* v. *Coleman,* 23 Wis. 452; *Keith* v. *McCaffrey,* 145 Mass. 18; *Edson* v. *Edson,* 108 Mass. 590; *Patridge & Co.* v. *Harrow,* 27 Iowa, 96; *Wilson* v. *Boughton,* 50 Mo. 1; *Tucker* v. *Whittlesey,* 74 Wis. 74; *Beatty* v. *O'Connor,* 106 Ind. 81; *Hamlin* v. *McCahil,* Clark's Chancery, 249.

While the court possesses this power, it will not in all cases be exercised. It should be exercised only in clear cases, where the party asking it is himself without fault, and where he proceeds without unreasonable delay after the discovery of the fraud or mistake.

In this case the allegations in the complaints upon which the decrees in question were rendered are so different that they can not, with propriety, be considered together. In the suit instituted by the appellees Beatty and others, it was alleged, as to the appellant, that he had, or claimed to have, some interest in or lien upon said mortgaged premises accrued since the lien of said mortgage upon which this suit was instituted; while in the suit brought by the bank it was alleged that the several defendants thereto had, or claimed to

have, some interest in or lien upon said mortgaged premises; but if any such interest, claim or lien existed in behalf of them, or either or any of them, it was junior to and subordinate to the lien of said mortgage.

It will be observed that the allegations in these two complaints differ in this material respect, namely : the first called in question such liens only as had accrued since the mortgage in suit was executed, while the second called in question all the liens held by the defendants and alleged that they were junior and subordinate to the mortgage in suit.

No question is made as to the actual fact that the lien held by the appellant was senior to the liens which plaintiffs in those two suits foreclosed, and we are, therefore, met at this stage in the consideration of the case with the question as to whether these decrees, on their face, bar the right of the appellant to foreclose his senior lien. And first of the decree rendered in favor of Beatty and others.

Ordinarily, a party is bound by a judgment in the capacity in which he is sued, and in no other. *Davis* v. *Barton*, 130 Ind. 399.

The appellant was sued in the capacity of a junior lienholder, but we do not deem it necessary to inquire, in this case, whether a decree could have been rendered in the cause binding him as senior lien-holder or not. He was not charged with holding a senior lien, but with holding a lien which had accrued since the execution of the mortgage in suit. When placed in possession of all the facts, so that we may construe the decree, we find this to be the fact. The complaint alleged the exact facts as they were known to the attorneys who drafted it, and they sought all the relief to which the plaintiffs in the case were entitled, for they were not entitled to foreclose their mortgage as against the appellant's senior lien.

In order to bar the appellant's right to redeem under his junior judgment for costs it was necessary to make him a party to the suit, and he was made a party for that purpose

alone. The plaintiffs in that case had the right to foreclose their junior mortgage, buy in the property, and pay off the senior lien at their leisure, provided its holder or owner was willing to indulge them.

This decree must be construed with reference to those rights, the facts as they actually existed, and in connection with the allegations in the complaint.

The decree should not be construed in such a manner as to embrace matters upon which no issue could be made, unless such construction is absolutely necessary. No issue could have been made, or was in fact made, as to the senior lien held by the appellant.

We think the decree in this case should be construed as foreclosing all the liens held by the appellant junior to the mortgage therein foreclosed, and no other. To construe it as barring the senior lien held by the appellant would be to give it an effect never contemplated by the parties to the suit. The mortgage which the appellant now seeks to foreclose was in no way involved in that suit, and he was not called upon to set it up. For these reasons we are of the opinion that the facts found by the court do not bar his right to have the same foreclosed as against the appellees, Beatty, Mitchell and Beatty.

The case of the Savings Bank against the appellant stands upon entirely different ground. In that case the plaintiffs called in question all the liens held by the appellant, and alleged that they were subordinate to the lien of the mortgage then in suit. To protect his right to a senior lien, under these allegations, it was necessary to plead it. This he did not do, and having failed in this regard the decree rendered in the cause estops him from asserting that he held any such lien. *Masters* v. *Templeton*, 92 Ind. 447 ; *Ætna Life Ins. Co.* v. *Finch*, 84 Ind. 301 ; *Ulrich* v. *Drischell*, 88 Ind. 354 ; *Fitzpatrick* v. *Papa*, 89 Ind. 17 ; *Woodworth* v. *Zimmerman*, 92 Ind. 349.

Nor do we think the facts make a case calling for the ex-

ercise of the inherent power of a court of equity to set aside a judgment obtained by fraud or rendered through the mistake of the court. It is not claimed that any fraud was perpetrated upon the court, and the court certainly made no mistake. The appellant had no right to rely upon a statement of the clerk in the attorney's office as against the allegations in the complaint against him. The case falls within that class where the mistake is to be accounted the misfortune of the party rather than the wrong of his adversary, and one in which a strong case, indeed, must be made to warrant the interference of a court of equity. *Ratliff* v. *Stretch*, 130 Ind. 282 ; *Davis* v. *Barton, supra.*

In our opinion the court did not err in its conclusions of law so far as they relate to lot numbered one hundred and six.

Judgment reversed as to the appellees Beatty, Mitchell and Beatty, with directions to restate the conclusions of law as to them in accordance with this opinion, and to render a decree foreclosing the mortgage of the appellant as to lot seventy-one in Woodruff Place, and as to the other appellees the judgment of the Marion Superior Court is affirmed.

Filed May 21,1892; petition for a rehearing overruled Oct. 26, 1892.