Scott *et al. v.* Runner, Assignee, Etc.

---

SCOTT ET AL. *v.* RUNNER, ASSIGNEE, ETC.

[17,875.    Filed September 30, 1896.]

COURTS.—*Jurisdiction.*—*Injunction.*—The process of one court can not be used to enjoin the final process of another of equal jurisdiction, although the judgment on which such final process is based is void.

From the Jasper Circuit Court. *Reversed.*

*Moon & Wolf,* for appellants.

*G. P. Haywood* and *C. A. Burnett,* for appellee.

McCABE, J.—This was a suit brought by the appellee in the Jasper Circuit Court against the appellant Scott, and appellant Hanley, sheriff of Jasper county, to enjoin the execution of an order of sale of certain real estate, situate in Jasper county, which order was made in attachment proceedings and judgment in favor of appellant Scott in the Howard Circuit Court.

The first question we are confronted with is: Did the Jasper Circuit Court have jurisdiction? If it did not that will end this case. In the *Indiana, etc., R. R. Co.* v. *Williams,* 22 Ind. 198, at page 200, it was held that no court in this State can rightfully enjoin a party from proceeding in a suit in another court of this State having equal power to grant the relief sought by the complaint on which such injunction is asked.

To the same effect are *Gregory* v. *Perdue*, 29 Ind. 66, and the *Board, etc., of Vigo County* v. *Stout et al.,* 136 Ind. 53, 22 L. R. A. 398.

But it is insisted that it appears from the complaint and evidence that the Howard Circuit Court had no jurisdiction, and hence the rule established by these cases does not apply, because in such event, it is contended, that the judgment is void, or rather that there is no judgment or order of the Howard Circuit Court. In *Plunkett et al.* v. *Black*, 117 Ind. 14, the attempt was made in the Montgomery Circuit Court to enjoin the collection of an execution in the hands of the sheriff of Montgomery county, issued on a judgment recovered in the Parke Circuit Court.

It was there said: "The last question we care to consider is, had the Montgomery Circuit Court jurisdiction of the subject-matter of the action? Our conclusion is that it had not. * * * The Parke Circuit Court was a court of equal jurisdiction to that of the Montgomery Circuit Court. The execution, the service of which the appellee sought to enjoin, was the process of that court. The rule is settled in this State, that one court cannot control the execution of the orders and process of another court of equal jurisdiction. *Indiana, etc., R. R. Co. et al.* v. *Williams*, 22 Ind. 198; *Gregory* v. *Perdue*, 29 Ind. 66; *Coleman* v. *Barnes*, 33 Ind. 93; *Wiley* v. *Pavey*, 61 Ind. 457."

The same decision of the question was again made when the same case was again in this court *Black* v. *Plunkett et al.*, 132 Ind. 599.

It is, however, urged in argument that if the Howard Circuit Court had no jurisdiction then there was no order of that court to enjoin. But before that conclusion can be reached the Jasper Circuit Court must have jurisdiction to institute the judicial inquiry. That requires jurisdiction to interfere with the pro-

cess of another court of equal jurisdiction, and that we have seen it has not the power to do.

It is true, that whenever a judgment is made the foundation of a right in another action in any court, whether in the court in which the judgment was rendered, or in some other court, if it appear to have been rendered without jurisdiction it may be collaterally impeached and disregarded because it is no judgment. There are numerous ways in which such judgment may be brought in question other than attempting to enjoin the execution of the process of the court rendering it. The question here is not, as counsel seem to suppose, whether the judgment can be collaterally impeached, but it is whether the process of one court can be used to enjoin the final process of another of equal jurisdiction.

Counsel for appellee say why not, if the judgment on which that final process is based is void? The answer is that that court has ample power to enjoin its own process without coming into conflict with the process of another court of equal power, and the presumption is that it will correctly administer the law if applied to, and if it does not, an appeal to a higher court will correct its errors and thus avoid all conflicts between courts of co-ordinate power. Otherwise there must be even physical conflicts between courts of equal power in the State. The Howard Circuit Court may adhere to its opinion tenaciously that it had jurisdiction and require its officer, the sheriff of Jasper county, to execute its order of sale, and the Jasper Circuit Court may be of opinion that the Howard Circuit Court had no jurisdiction, and require its officer, the coroner of Jasper county, to execute its order to restrain and prohibit the execution of the order from the Howard Circuit Court. In such a case

which order must prevail? It must depend upon a mere question of superiority of physical force.

The law does not allow the rights of parties to be determined in that way.

An eminent author says: "The rule is that one court of concurrent jurisdiction has no power to interfere with the judgments or decrees of other courts of the same jurisdiction. Therefore, one court of co-ordinate jurisdiction will not restrain, by injunction, proceedings previously instituted in another court. And the rule extends to the processes of the court, whether mesne or final." Works on Courts and Jurisdiction, section 17, p. 69.

In *Platto* v. *Duester et al.*, 22 Wis., at page 484, C. J. Dixon, speaking for the Supreme Court of Wisconsin, said: "Can the execution of an order or judgment in equity in one of the circuit courts of this state be restrained by injunction, issued in an action subsequently commenced in another circuit court? Such is the question presented in this case; and I apprehend, both on principle and authority, that the power thus claimed does not exist; or if it does, that it ought never to be exercised. It is easy to see the great confusion and endless trouble and litigation which might ensue from the exercise of such a jurisdiction. The impropriety, I might say the utter absurdity, of applying to one court to restrain, modify or correct the orders or decrees of another court of co-ordinate jurisdiction, is also apparent. I think it is wholly inadmissible to do so."

In *Anthony* v. *Dunlap*, 8 Cal. 26, it is said: "We have before decided, that one court had no power to interfere with the judgments and decrees of another court of concurrent jurisdiction. The only case in which it will be allowed, is where the court in which the action or proceeding is pending, is unable by reason of its

jurisdiction to afford the relief sought. Any other rule would lead to inextricable confusion."

To the same effect are *Rickett* v. *Johnson*, 8 Cal. 34; *Grant* v. *Quick*, 5 Sand. (N. Y.) 612; *Uhlfelder* v. *Levy*, 9 Cal. 607; *Wilson* v. *Baker*, 64 Cal. 475, 2 Pac. 253; *Dodge* v. *Northrop*, 85 Mich. 243, 48 N, W. 505; *Ex parte Bushnell*, 8 Ohio St. 599.

As the Howard Circuit Court had ample power to afford all the relief to which appellee was entitled without coming in conflict with any other court of equal power, the Jasper Circuit Court had no jurisdiction.

The judgment is reversed and the cause remanded, with instructions to dismiss the case for want of jurisdiction.