Bruce v. Osgood.

BRUCE ET AL. v. OSGOOD ET AL.

[No. 18,648.   Filed Jan. 23, 1900.   Rehearing denied March 27, 1900.]

PRACTICE.—*Harmless Error.*—Overruling a demurrer to an answer was harmless where defendant was entitled to introduce under the general denial his whole defense to the paragraph of complaint to which the answer was addressed if plaintiff's evidence fails to make out a case.   *pp. 375, 376.*

JUDGMENTS.—*Collateral Attack.*—The judgment of the circuit court that it had jurisdiction of a certain case is impervious to collateral attack.   *pp. 377, 378.*

SAME.—*Complaint.*—Where a complaint challenged defendant to show any cause he had why a judgment should not be enforced against certain land, the judgment ordering a sale of the land bound every interest defendant had in the land.   *p. 378.*

COURTS.—*Judgments.*—It is the duty of a court to give full faith and credit to a judgment, fair on its face, rendered by a domestic court of coördinate jurisdiction.   *pp. 378, 379.*

From the Marion Circuit Court.   *Affirmed.*

*W. V. Rooker*, for appellants.

*Frank Cutter* and *A. C. Harris*, for appellees.

BAKER, J.—James Bruce began this action to quiet his title to certain lands in Marion county, and to have a judgment held by Osgood declared null and void. Osgood answered by general denial of the whole complaint and by an affirmative paragraph addressed to the paragraph of complaint to quiet title. Appellants, who are the heirs of James Bruce, were substituted as plaintiffs. At the conclusion of the introduction of evidence, the court directed a verdict in favor of Osgood. Appellants assign that the court erred in overruling their demurrer to Osgood's affirmative answer and in overruling their motion for a new trial.

If the answer was bad, appellants were not harmed, since Osgood was entitled to introduce under the general denial his whole defense to the paragraph to which the affirmative answer was addressed, and the court directed the verdict on the evidence in support of the complaint and answer of gen-

eral denial, as the record affirmatively shows. If the plead-
·ing be a cross-complaint, as appellants assert, the ruling was
not prejudicial, for the judgment is merely that appellants
take nothing by their complaint.

In the motion for a new trial, fifty grounds are stated,
involving the rulings on the admission and exclusion of evi-
dence, the refusal of instructions requested, and the direc-
tion of the verdict. Three propositions, however, cover the
case.

They arise on these facts: One George Bruce had good
record title to the land in question from 1853 to his death in
1885. George deeded the land to James Bruce, the original
plaintiff, on October 6, 1881. James had the deed recorded
on October 7, 1892. He began this action on February 15,
1892. On March 5, 1878, three judgments, one by Osgood
and two by other plaintiffs, were recovered in the Marion
Superior Court against George Bruce. On January 23,
1888, Osgood brought his action, under §621 R. S. 1881 and
Horner 1897, §633 Burns 1894, against James Bruce and
John Bruce, who were the only heirs at law of George
Bruce, then deceased, to require them to show cause why the
judgments should not be enforced against the land in ques-
tion. The verified complaint alleged that Osgood owned the
judgments and that they were unsatisfied, specified the
amount due on each, described the land sought to be charged,
averred that George Bruce died in May, 1885, wholly insolv-
ent and intestate, leaving the defendants as his sole heirs at
law, and prayed that the judgments might be revived and
defendants required to show cause, if any there was, why the
judgments should not be enforced against this land. The
record of that proceeding shows that the defendants appeared
and filed a general denial; that on February 14, 1888, the
parties by agreement submitted the issues to the court for
trial; and that the court rendered a judgment for the
plaintiff that he was the owner of the judgments, that there
.was a certain sum due on each, that the judgments were liens

on this land (particularly described), and that the plaintiff was entitled to a sale thereof on execution. Sale was made to Osgood on March 17, 1888, and sheriff's deed on March 20, 1889. There was a large volume of evidence offered by appellants for the purpose of showing that James Bruce had an equitable title to the real estate in controversy prior to the rendition of the three judgments of March 5, 1878; that no administration was ever had upon the estate of George Bruce; and that the judgment of February 14, 1888, against James and John Bruce had been obtained by the fraud of Osgood with the assistance of Bruces' attorney. The questions are: Is the judgment of February 14, 1888, void upon its face? Does it bar the title of James Bruce acquired by purchase? Has the Marion Circuit Court any authority in law to set aside the judgment of the Marion Superior Court for fraud in its rendition?

The record of the judgment shows an appearance and the filing of an answer by Bruces. So the question is narrowed to one of jurisdiction of the subject-matter. The Marion Superior Court had jurisdiction to render the three judgments of March 5, 1878. §1351 R. S. 1881 and Horner 1897, §1404 Burns 1894. That court was the proper one in which to bring the action to revive and enforce the judgments after the death of the judgment debtor. §621 R. S. 1881 and Horner 1897, §633 Burns 1894. The chief objection urged against the complaint in that action is that it fails to state that letters of administration had been issued a year or longer before the action to revive was commenced and fails to make the administrator a party defendant. The complaint does not disclose that there was then any administrator or that the personal estate of George Bruce had not been fully administered upon and finally settled. Those and similar matters were defenses for the defendants to avail themselves of by demurrer or answer. But even if the complaint had stated those facts, it might well be held that the judgment was not void. Appellants' arguments in this case

would apply as forcibly to a judgment on a note which the complaint showed was not due, and would lead to the conclusion that, because the complaint in truth disclosed a lack of right in plaintiff to maintain the action, the judgment would be void. This has been decided otherwise. *DeHaven* v. *Covalt*, 83 Ind. 344; *Robertson* v. *Huffman*, 92 Ind. 247. The question is not whether in truth, as this court might decide on appeal, the Marion Superior Court had jurisdiction in the particular case, but whether or not that court was competent to decide that it had jurisdiction and whether it must have so decided before proceeding to judgment. The statutes above referred to gave the court jurisdiction to entertain and decide actions of this class. Whether or not the particular case in question actually belonged to the class, is immaterial. The court was called upon to decide whether it did or not. Its judgment, if conceded to be wrong, is impervious to collateral attack. *State* v. *Jackson*, 118 Ind. 553; *Jackson* v. *Smith*, 120 Ind. 520, and cases collated on p. 523; *Alexander* v. *Gill*, 130 Ind. 485; *Tucker* v. *Sellers*, 130 Ind. 514; *Evansville, etc., Co.* v. *Winsor*, 148 Ind. 682; Van Fleet's Col. Att. §66.

It is claimed that the judgment of the Marion Superior Court, if valid, bound only the defendants' interest in the land derived as heirs of George Bruce and is not a bar to the title of James Bruce acquired by purchase. The complaint challenged James Bruce to show any cause he had why the judgments of March 5, 1878, should not be enforced against the land in controversy. The judgment ordering the sale bound every interest he had. *Armstrong* v. *Hufty* (Ind. Sup.), 55 N. E. 443, and authorities there collated.

The Marion Circuit Court did right in giving full faith and credit to a judgment, fair on its face, rendered by a domestic court of coördinate jurisdiction. It is to be presumed that the Marion Superior Court would promptly purge its records of any judgment tainted with fraud, if a direct proceeding for that purpose were brought before that

court; but to do so, in any way, was not a prerogative of the Marion Circuit Court. *Hutton* v. *Denton*, 2 Ind. 644; *White Water, etc., Co.* v. *Henderson*, 3 Ind. 3; *Cline* v. *Crump*, 11 Ind. 125; *Indiana, etc., R. Co.* v. *Williams*, 22 Ind. 198; *Gregory* v. *Perdue*, 29 Ind. 66; *Coleman* v. *Barnes*, 33 Ind. 93; *Wiley* v. *Pavey*, 61 Ind. 457, 28 Am. Rep. 677; *Nealis* v. *Dicks*, 72 Ind. 374; *Sauer* v. *Twining*, 81 Ind. 366; *Anderson* v. *Wilson*, 100 Ind. 402; *Hall* v. *Durham*, 109 Ind. 434; *Weiss* v. *Guerineau*, 109 Ind. 438; *Jones* v. *Bittinger*, 110 Ind. 476; *Nicholson* v. *Nicholson*, 113 Ind. 131; *Brown* v. *Grove*, 116 Ind. 84; *Plunkett* v. *Black*, 117 Ind. 14; *Bateman* v. *Miller*, 118 Ind. 345; *Palmerton* v. *Hoop*, 131 Ind. 23; *Black* v. *Plunkett*, 132 Ind. 599; *Board, etc.,* v. *Stout*, 136 Ind. 53; *Hollinger* v. *Reeme*, 138 Ind. 363, 24 L. R. A. 46; *Scott* v. *Runner*, 146 Ind. 12; Van Fleet's Col. Att. §550. The case of *Kirby* v. *Kirby*, 142 Ind. 419, as to what constitutes a direct and what a collateral attack, is disapproved.

From these considerations, it follows that the evidence concerning fraud was properly disregarded, that the evidence of infirmities not apparent on the face of the record was properly excluded, that the evidence admitted in aid of the record was immaterial and harmless, and that the withdrawal of the case from the jury was right.

Judgment affirmed.