MORGAN *v.* AMICK, SHERIFF.

[No. 15,225. Filed October 14, 1936.]

*Hottle, Mote & Smith* and *Samuel B. Wells,* for appellant.

*Tremain & Turner, John W. Goddard* and *William Woodfill,* for appellee.

KIME, C. J.—The appellant here filed an amended complaint in the Scott Circuit Court asking that the sheriff of Scott County be enjoined from levying an execution issued out of the Decatur Circuit Court. The appellee demurred for the reason that the court had no jurisdiction of the subject matter of the action and because the complaint did not state a cause of action. This demurrer was sustained. Appellant elected to stand on his amended complaint and refused to amend or plead further. Judgment was rendered that plaintiff take nothing by his amended complaint and that defendant recover his costs. The error assigned necessary to be discussed is the ruling of the court in sustaining the demurrer.

It appears that the Burney State Bank had been placed in the hands of a receiver in 1928 and that the receiver had sought to collect the double liability imposed on stockholders by the state constitution and filed an action to accomplish this in the Decatur Circuit Court naming along with all other stockholders the appellant here as one of such stockholders liable for such additional amount; that summons was duly and properly served upon appellant; that appellant did not appear in person or by attorney in response to such notice; that the action was prosecuted to judgment; that judgment was duly entered against this appellant; that the order issued out of the Decatur Circuit Court was prop-

erly made and certified to the sheriff of Scott County as the statute prescribed.

The question thus presented is: can the process of the Scott Circuit Court be used to enjoin the final process of the Decatur Circuit Court, it being conceded that they are courts of equal and concurrent jurisdiction.

The general rule is that one court cannot control or interfere with the execution of the processes and orders of another court of equal jurisdiction. This has been the law in this state for many years. *Indiana, etc., R. R. Co.* v. *Williams* (1864), 22 Ind. 198; *Gregory* v. *Purdue* (1867), 29 Ind. 66; *Coleman* v. *Barnes* (1870), 33 Ind. 93; *Wiley* v. *Pavey* (1878), 61 Ind. 457; *Plunkett et al.* v. *Black* (1888), 117 Ind. 14, 19 N. E. 537; *Black* v. *Plunkett* (1892), 132 Ind. 599, 31 N. E. 567; *Scott* v. *Runner, Assignee* (1896), 146 Ind. 12, 44 N. E. 755; *State ex rel. Kunkel et al.* v. *Circuit Court of LaPorte* (1936), 209 Ind. 682, 200 N. E. 614.

Counsel for both parties agree with this general rule. However appellant's counsel contend that the Decatur Circuit Court was without jurisdiction because the receiver had no right to maintain the action against the stockholders, because the constitution gives this right to creditors only and that consequently any judgment rendered by the Decatur Circuit Court was absolutely void.

The main question here was before the Supreme Court in *Scott* v. *Runner, supra,* and decided adversely to the appellant's contention. The court there said (p. 13): "It is, however, urged in argument that if the Howard Circuit Court had no jurisdiction then there was no order of that court to enjoin. But before that conclusion can be reached the Jasper Circuit Court must have jurisdiction to institute the judicial inquiry. That requires jurisdiction to interfere with the process of

another court of equal jurisdiction, and that we have seen it has not the power to do.

"It is true, that whenever a judgment is made the foundation of a right in another action in any court, whether in the court in which the judgment was rendered, or in some other court, if it appears to have been rendered without jurisdiction it may be collaterally impeached and disregarded because it is no judgment. There are numerous ways in which such judgment may be brought in question other than attempting to enjoin the execution of the process of the court rendering it. The question here is not, as counsel seem to suppose, whether the judgment can be collaterally impeached, but it is whether the process of one court can be used to enjoin the final process of another of equal jurisdiction.

"Counsel for appellee say why not, if the judgment on which that final process is based is void? The answer is that that court has ample power to enjoin its own process without coming into conflict with the process of another court of equal power, and the presumption is that it will correctly administer the law if applied to, and if it does not an appeal to a higher court will correct its errors and thus avoid all conflicts between courts of co-ordinate power." This case holds that the first court had ample power to afford all the relief to which the complainant was entitled without coming in conflict with any other court of equal power.

The last expression of the Supreme Court upon this subject shows that as late as March 24, 1936, they reiterated, affirmed and continued to hold that where one circuit court had acquired jurisdiction over the person and the subject matter of the action that the jurisdiction of that court becomes and remains exclusive. In speaking of jurisdiction in the case of *State ex rel.* v. *Circuit Court, supra,* the court said, "Two courts of concurrent jurisdiction may have jurisdiction of the

same class of cases, and may acquire jurisdiction of the same person, but where one of the two first acquires jurisdiction of the subject-matter and person in a particular case, the jurisdiction becomes exclusive. It was said by this court in *State ex rel. Cook* v. *Circuit Court of Madison County et al.* (1923), 193 Ind. 20, 27, 138 N. E. 762, 765: 'the court having jurisdiction of the particular case in litigation effectively segregates that case from the general class, and excludes all other courts of like jurisdiction from assuming any authority in connection therewith. Proper and orderly administration of the laws compel these courts to thus observe the rights of each other, in order to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process.' See *Brown* v. *Doak Company* (1922), 192 Ind. 113, 135 N. E. 343."

The contention is further made that the Scott Circuit Court has equity powers and should grant relief from a void judgment. This may be true under certain circumstances. But before a court exercising equity powers will interfere with the processes or order of another court of equal and concurrent jurisdiction it must be made to appear that the complaining party has used due diligence in prosecuting the matter and that he had prior thereto done what he should have done to protect his interests. He must show that he has been without fault. See *English* v. *Aldrich* (1892), 132 Ind. 500, 504, 31 N. E. 456. If one has been negligent in an action where he had notice and an opportunity to litigate the question sought to be presented in the equity court there is no equitable relief to which he is entitled. Here the appellant had notice and an opportunity to have the question sought to be raised in the second court litigated in the first court. Litigants are entitled to their day in court. If they do not avail themselves of this opportunity they are not entitled to de-

mand of a court of equity that they have a second day. By the exercise of due diligence the question sought to be litigated in the Scott Circuit Court could have been determined by the Decatur Circuit Court. All of our courts have consistently refused to grant negligent litigants a second opportunity to present their case.

Here the appellant claims to have had a good defense, viz., that the receiver had no constitutional right to prosecute the action, but after legal notice he sat idly by and made no defense to this action and allowed a judgment to be taken against him by default and now seeks relief from a court of equity.

There is nothing here that appeals to conscience. Equity should not be called upon to relieve from a deliberate neglect to pursue a remedy provided for the protection of the litigant.

No showing having been made which calls for the exercise of the powers of an equity court the demurrer was properly sustained and the judgment of the Scott Circuit Court is in all things affirmed.