**Alta M. RISSLER, Appellant–Respondent,**

v.

**Edward L. LYNCH, Appellee–Petitioner.**

No. 22A01–0009–CV–313.

Court of Appeals of Indiana.

March 20, 2001.

Daniel E. Moore, Jeffersonville, IN, Attorney for Appellant.

Derrick H. Wilson, Mattox, Mattox & Wilson, New Albany, IN, Attorney for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant Respondent, Alta M. Rissler (Rissler), appeals the trial court's denial of her Verified Motion for Relief from Order.

We affirm.

### ISSUE

Rissler raises two issues on appeal, one of which we find dispositive [1] and restate as follows: whether the trial court abused its discretion in denying her Verified Motion for Relief from Order.

### FACTS AND PROCEDURAL HISTORY

On November 22, 1974, Rissler and Appellee Petitioner, Edward L. Lynch (Lynch), dissolved their marriage.

On June 10, 1988, the Floyd Circuit Court, Floyd County, Indiana, found Lynch to be in arrears in his child support payments in the amount of $895.00. The court also found that "[t]he original Decree should be modified to the extent that Edward L. Lynch should be required to pay through the Clerk of this Court, the total sum of $50.00 per week for the support and welfare of the parties minor son." (R. 26).

On November 21, 1990, the Hancock District Court, Hancock County, Kentucky,[2] found that Lynch was in arrears in his child support payments in the amount

---

1. Rissler maintains that the trial court's final order is contrary to law to the extent the court relied upon and considered alleged 1996 court proceedings, the resolution and existence of which were not reflected in the court's official records. We find it unnecessary to discuss this issue because the 1996 court proceedings are irrelevant. The basis for the trial court's denial of Rissler's Verified Motion for Relief from Order stems from a November 25, 1998 agreement made between Rissler, by counsel, and Lynch, in person and by counsel. While it is true that the trial court made reference to the alleged 1996 court proceedings in its Order denying Rissler's motion, it by no means relied on that hearing as a basis for its ruling.

2. Lynch resides in, or use to reside in Kentucky. Thus, the November 21, 1990 order from the Hancock District Court was the re-

of $6,855.00. The Hancock District Court ordered Lynch to pay $110.00 per month until the arrearage of $6855.00 was paid in full to Rissler.

On September 22, 1998, Rissler filed a Motion for Rule to Show Cause. On November 25, 1998, Rissler, by counsel, and Lynch, in person and by counsel, agreed that Lynch was current on his child support arrearage payments and that the remaining balance was $548.00. At this time, Rissler, by counsel, reserved the right to contest the arrearage within 14 days in the event that the documentation submitted by Lynch demonstrated that a payment had not been made. On January 28, 1999, the Floyd Circuit Court made the following Entry: [3]

> This matter having come before. the Court on Respondent's Rule to Show Cause and Petitioner appearing in person and with counsel and Respondent appearing by counsel, the parties agree that Petitioner is current on the support arrearage payments and that as of November 25, 1998, the remaining balance on the arrearage is $548.00

(R. 7).

On October 29, 1999, Rissler filed her Verified Motion for Relief from Order. Rissler claimed that she did not have knowledge of and did not give consent to the January 28, 1999 Entry before it was signed. She further claimed that the arrearage amount stated in the Entry is incorrect. Rissler maintained that relief was warranted under Ind.Trial Rule 60(A), T.R. 60(B)(1), and/or T.R. 60(B)(8). Finally, Rissler alleged that the correct arrearage amount is $3,265.00.

On November 17, 1999, Lynch filed his response to Rissler's Motion for Relief from Order. On August 8, 2000, a hearing was held on the motion. On August 25, 2000, the Floyd Circuit Court denied Rissler's motion. The trial court held that Lynch was entitled to rely on the January

28, 1999 Entry, because Rissler's attorney of record had the inherent authority to bind her to the $548.00 arrearage amount. The court stated that if Rissler had been injured due to the actions of her attorney of record on November 25, 1998, then she must look to him for redress. Rissler now appeals.

## DISCUSSION AND DECISION

Rissler claims that the trial court erred in denying her Verified Motion for Relief from Order. Specifically, Rissler claims that she is entitled to relief under T.R. 60(A), T.R. 60(B)(1), and/or T.R. 60(B)(8).

### A. *Standard of Review*

■ The decision whether to grant or deny a motion for relief from order is given substantial deference on appeal. *Bonaventura v. Leach,* 670 N.E.2d 123, 125 (Ind.Ct.App.1996), *trans. denied.* Our standard of review is limited to determining whether the trial court abused its discretion. *Bennett v. Andry,* 647 N.E.2d 28, 31 (Ind.Ct.App.1995). An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175, 180 (Ind.1993). Furthermore, in reviewing the decision of the trial court, we will not reweigh the evidence or substitute our judgment for that of the trial court. *Professional Laminate & Millwork, Inc. v. B & R Enterprises,* 651 N.E.2d 1153, 1157 (Ind.Ct.App.1995).

### B. *T.R. 60(A)*

■ Rissler maintains that her counsel failed to communicate with her. Rissler further contends that T.R. 60(A) seems to provide a remedy for "oversight or omission" so as to grant her relief from the January 28, 1999 Entry. T.R. 60(A) provides in pertinent part, that "[c]lerical mistakes in judgments, orders or other parts

sult of a Uniform Reciprocal Enforcement Support Act (URESA) proceeding.

**3.** This Entry is entitled "Entry of November 25, 1998." However, it is dated January 28, 1999. For our purposes, we will refer to this Entry as the January 28, 1999 Entry.

of the record and errors therein arising from oversight or omission may be corrected by the trial court at any time before the trial court clerk issues its Notice of Completion of Clerk's Record."

■ However, "[a] T.R. 60(A) motion is not to be used for the purpose of correcting errors of substance." *First Bank of Madison v. Bank of Versailles*, 451 N.E.2d 79, 81 (Ind.Ct.App.1983). Furthermore, a "clerical error" has been defined as "a mistake by a clerk, counsel, judge or printer which is not a result of judicial function and cannot reasonably be attributed to the exercise of judicial consideration or discretion." *Sarna, v. Norcen Bank*, 530 N.E.2d 113, 115 (Ind.Ct.App. 1988).

Though Rissler claims that she was unaware of the January 28, 1999 Entry until April of 1999, we do not agree that this qualifies as a clerical error. There is nothing in the record to indicate that the $548.00 arrearage amount was a mistake by clerk, counsel, judge or printer. *See id.* Rissler was represented by counsel on November 25, 1998. Her counsel agreed with Lynch and his counsel that the remaining arrearage amount was $548.00. No evidence was presented by Rissler that this stipulation was entered due to an error by her counsel rather than due to an agreement. Consequently, we cannot find that the trial court abused its discretion in denying Rissler's Verified Motion for Relief from Order under T.R. 60(A).

### C. *T.R. 60(B)(1)*

■ Next, Rissler argues that because her attorney did not communicate with her, she was not aware of the January 25, 1999 Entry until April of 1999, and she should be granted relief from the Entry due to "excusable neglect." *See* T.R. 60(B)(1). T.R. 60(B)(1) provides in pertinent part, that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: (1) mistake, surprise, or excusable neglect."

In *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 340 (Ind.1983), our supreme court held that a trial court has broad discretion in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. Furthermore, the burden is on the movant to show sufficient grounds for relief under T.R. 60(B)(1). *Butler v. Shipshewana Auction, Inc.*, 697 N.E.2d 1285, 1288 (Ind.Ct.App. 1998).

■ It is true that a breakdown in communication which results in a party's failure to appear is a well-recognized ground for relief under T.R. 60(B)(1). *Northwestern Nat. Ins. Co. v. Mapps*, 717 N.E.2d 947, 955 (Ind.Ct.App.1999). Rissler contends that her attorney did not return her phone calls. She also contends that she repeatedly went to his office and the courthouse to find him. Additionally, Rissler alleges that when she went to her attorney's office, she observed envelopes taped to his closed office windows and did not hear from him prior to April 1999, when she learned of the January 28, 1999 Entry. Consequently, Rissler asserts that these facts taken together show that her attorney failed to communicate with her in such a way as to amount to "excusable neglect" under T.R. 60(B)(1).

On the other hand, Lynch maintains that Rissler, though not present on November 25, 1998, was represented by counsel. In *Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1255 (Ind.Ct.App.1999), *trans. denied*, this court held that "absent fraud or collusion between the attorney and the opposing side, acts or omissions of the attorney are attributable to the client." Furthermore, in *Koval v. Simon Telelect, Inc.*, 693 N.E.2d 1299, 1301 (Ind.1998), our supreme court held that:

An attorney may without express authority, bind his client by agreement that judgment may be taken against him, and that, too, though the attorney know that his client has a good defense to said action. If [the attorney] acts contrary to the express directions of his

client, or to his injury, the client must look to the attorney for redress.

. . . Although the theoretical underpinnings of this rule are not always fully explained, and on occasion are set forth in terms slightly at variance with standard agency doctrines, these cases uniformly bind the client to an in court agreement by the attorney and remit the client to any recovery that may be available from the attorney. This distinction between in court consents and out of court agreements is also found in Indiana statutory law at least since the civil code of 1881 and currently embodied in Indiana Code § 34–1–60–5: "An attorney has authority, until discharged or superseded by another . . . [t]o bind his client in an action or special proceeding, by his agreement, filed with the clerk, or entered upon the minutes of the court, and not otherwise." Although the statute perpetuates the archaic term "minutes of the court" today it presumably refers to the transcript and chronological case summary . . .

*Id.* at 1305–06 (citations omitted).

In the present case, the trial court found that even though Rissler was not present on November 25, 1998, her interests were represented through her attorney. Moreover, Rissler has not shown fraud or collusion between her attorney and Lynch. *See Kmart Corp.*, 719 N.E.2d at 1255. Thus, we find that any acts or omissions of Rissler's attorney are attributable to Rissler. *See id.* Consequently, we cannot find that the trial court abused its discretion in denying Rissler's Verified Motion for Relief from Order under T.R. 60(B)(1).

### D. *T.R. 60(B)(8)*

▮ Finally, Rissler argues that T.R. 60(B)(8) warrants relief in this matter. T.R. 60(B)(8) provides in pertinent part, that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: (8) any reason justifying relief from the operation of the judg-

ment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)."

▮ The party seeking relief from judgment must affirmatively demonstrate some extraordinary circumstance to come within the purview of T.R. 60(B)(8). *Chelovich v. Ruff & Silvian Agency*, 551 N.E.2d 890, 892 (Ind.Ct.App.1990). Furthermore, as with T.R. 60(B)(1), the burden is on the movant to establish the existence of grounds for relief. *Id.*

Rissler contends that her attorney agreeing to a $548.00 arrearage amount creates an "extraordinary" circumstance. She further contends that her attorney's virtual disappearance after the November 25, 1998 agreement completes the extraordinary circumstances. However, we disagree. Rissler uses the same set of facts and circumstances that she used in support of her argument for excusable neglect under T.R. 60(B)(1). She cannot now say that these same facts amount to extraordinary circumstances, warranting relief under T.R. 60(B)(8). T.R. 60(B)(8) specifically states that a person may use "any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." Because Rissler does not assert any reasons other than those already asserted in support of her T.R. 60(B)(1) argument, we find that Rissler's contention does not properly fall under T.R. 60(B)(8). Consequently, we cannot find that the trial court abused its discretion in denying Rissler's Verified Motion for Relief from Order under T.R. 60(B)(8).

### CONCLUSION

Based on the foregoing we conclude that the trial court did not abuse its discretion in denying Rissler's Verified Motion for Relief from Order.

Affirmed.

ROBB, and DARDEN, JJ., concur.