# FOR PUBLICATION





**FILED**

Jul 31 2014, 9:49 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana
Indianapolis, Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**JENNIFER HINKEBEIN CULOTTA**
Culotta & Culotta LLP
New Albany, Indiana

**KRISTINE M. NOLE**
The Nole Law Office LLP
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STATE OF INDIANA, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | ) No. 10A01-1310-CR-432 |
| | ) |
| CHASE R. DOWNEY, | ) |
| | ) |
| Appellee-Defendant. | ) |

### APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Daniel E. Moore, Judge
Cause No. 10C01-1108-FB-131

**July 31, 2014**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Appellee-Defendant Chase R. Downey was arrested after guns, marijuana, and a large sum of cash were discovered during a traffic stop of the vehicle in which he was a passenger. At the time of the stop, Downey indicated that the cash belonged to him. The cash was seized at the time of his arrest. On August 23, 2011, Downey was charged in Division One of the Clark County Circuit Court (the "Division One Circuit Court") with Class B felony unlawful possession of a firearm by a serious violent felon, Class C felony carrying a handgun without a license, and Class D felony possession of marijuana. On September 16, 2011, the funds seized from Downey were transferred to the federal government pursuant to a transfer order that was issued by the trial judge presiding over Division Three of the Clark County Superior Court (the "Division Three Superior Court").[1]

Downey filed several requests in the Division One Circuit Court to have the seized funds returned to him before filing a motion to set aside the transfer order on July 27, 2013. The Division One Circuit Court subsequently granted Downey's petition to set aside the transfer order and instructed Appellant-Plaintiff the State of Indiana (the "State") to return the seized funds to Downey. On appeal, the State contends that the Division One Circuit Court abused its discretion in setting aside an order of the Division Three Superior Court, a separate court of equal jurisdiction. Concluding that the Division One Circuit Court abused its discretion in setting aside the transfer order, we reverse the judgment of the Division One

---

[1] We note that effective January 1, 2012, the Division Three Superior Court was abolished and reorganized as the Clark County Circuit Court Division Three. However, because the reorganization of the Clark County court system occurred after the underlying transfer order was issued, we will continue to treat the

Circuit Court.

**FACTS AND PROCEDURAL HISTORY**

On August 18, 2011, Indiana State Trooper Nathan Abbott initiated a traffic stop after he observed a white Chevy Impala make an abrupt lane change on Interstate 65 "[u]pon seeing his unmarked police car." Tr. p. 161. In making the abrupt lane change, the driver of the Impala "almost [struck] another vehicle." Tr. p. 161. During the traffic stop, Trooper Abbott observed a "large wad of currency" next to the front seat passenger, who was subsequently identified as Downey. Tr. p. 136. Trooper Abbott also noticed a strong smell of marijuana coming from the vehicle. Trooper Abbott's K9 partner also indicated the presence of marijuana on the passenger side door and the trunk of the vehicle.

A subsequent search of the vehicle revealed two guns and an additional $8000 to $9000 in the trunk of the vehicle. Downey later indicated that the money in the trunk was his and that he was "going to Chicago to purchase marijuana to take it back to Lexington, Kentucky to sell it." Tr. p. 199. Soon thereafter, on August 23, 2011, the State charged Downey, in the Division One Circuit Court under Cause Number 10D01-1108-FB-131[2] ("Cause No. FB-131"), with Class B felony unlawful possession of a firearm by a serious violent felon, Class C felony carrying a handgun without a license, and Class D felony possession of marijuana.

---

newly organized Division Three Circuit Court as the Division Three Superior Court.

[2] We note that the original file stamp on the motion to transfer indicated that the motion was filed on September 16, 2011, under Cause Number 10D01-1108-FB-131. However, we observe that a copy of the Chronological Case Summary for this matter suggests that upon reorganization of the Clark County Courts on January 1, 2012, the cause number was changed to Cause Number 10C03-1109-MC-755.

3

On September 16, 2011, Indiana State Police Detective David Mitchell requested that the Clark County Prosecutor's Office file a motion to transfer $8765.00 seized from Downey to the federal government. Upon receiving a signed motion from the Prosecutor's Office, Detective Mitchell went to the Clark County Clerk's Office and filed the motion. The motion was filed in the Division Three Superior Court under Cause Number 10C03-1109-MC-755 ("Cause No. MC-755"). Also on September 16, 2011, the Division Three Superior Court issued an order granting the motion to transfer without conducting a hearing. Pursuant to the transfer order, $8765.00 in seized funds were transferred to the federal government and later deemed forfeited following federal forfeiture proceedings.

Beginning in November of 2012, Downey filed legal documents in the Division One Circuit Court requesting the return of the $8765.00 which was seized at the time of his arrest. On July 27, 2013, after realizing that the seized funds had been transferred to the federal government, Downey filed a motion requesting that the Division One Circuit Court set aside the transfer order issued by the Division Three Superior Court. Following significant briefing and several hearings, the Division One Circuit Court granted Downey's motion and issued an order instructing the State to return the seized funds to Downey. This appeal follows.

## DISCUSSION AND DECISION

On appeal, the State contends that the Division One Circuit Court abused its discretion in granting Downey's motion to set aside the transfer order and in instructing the State to return the seized funds to Downey. The decision whether to grant relief from a prior court

4

order is given substantial deference on appeal and is reversed only upon a showing of abuse of the trial court's discretion. *Rissler v. Lynch*, 744 N.E.2d 1030, 1032 (Ind. Ct. App. 2001).

> An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993). Furthermore, in reviewing the decision of the trial court, we will not reweigh the evidence or substitute our judgment for that of the trial court. *Professional Laminate & Millwork, Inc. v. B & R Enterprises*, 651 N.E.2d 1153, 1157 (Ind. Ct. App. 1995).

*Id.*

In challenging the Division One Circuit Court's order granting Downey's motion to set aside the transfer order, the State argues that the Division One Circuit Court lacked the authority to set aside an order of another trial court. "The rule is quite well settled, that one court cannot control the execution of the orders or process of any other court of equal jurisdiction." *Gregory v. Perdue*, 29 Ind. 66, 69 (1867) (citing *The Ind. & Ill. R.R. Co. et al. v. Williams*, 22 Ind. 198, 200 (1864)). "Nor can one court modify or change the record of another court of equal jurisdiction." *Coleman v. Barnes*, 33 Ind. 93, 94 (1870). This rule is inherent in Indiana's judicial hierarchy in which courts are supervised by the Indiana Supreme Court, not other superior or circuit courts. *See Shideler v. Vrljich*, 195 Ind. 563, 568, 145 N.E. 881, 883 (1925) (providing that one circuit or superior court has no supervisory power over the execution of process from another such court).

It is undisputed that at the time the transfer order was issued, the Division One Circuit Court and the Division Three Superior Court were separate courts. Again, in the instant matter, the State charged Downey with multiple crimes in the Division One Circuit Court

5

under Cause No. FB-131. The Clark County Prosecutor, at the request of Detective Mitchell, filed a motion to transfer the $8765.00 seized from Downey at the time of his arrest to the federal government. The request to transfer was assigned to the Division Three Superior Court under Cause Number MC-755. Although we acknowledge that the Division One Circuit Court and the Division Three Superior Court have since been reorganized as separate divisions of the Circuit Court, we believe that, absent relevant authority indicating otherwise, we must treat the courts as the separate courts they were at the time the underlying proceedings were filed.

Beginning in November of 2012, Downey filed numerous motions in the Division One Circuit Court seeking the release of the $8765.00 seized from him at the time of his arrest. On July 27, 2013, after realizing that the seized funds had been transferred to the federal government, Downey filed a motion requesting that the Division One Circuit Court set aside the transfer order issued by the Division Three Superior Court. The Division One Circuit Court subsequently granted Downey's motion and issued an order instructing the State to release the funds to Downey or his designee. The Division One Circuit Court issued this order over the State's objection that the Division One Circuit Court did not have the authority to set aside the order of a different court of equal jurisdiction.

In light of the long-standing rule that one court cannot control the orders or process of any other court of equal jurisdiction, we conclude that the Division One Circuit Court abused its discretion in setting aside the order of the Division Three Superior Court. If Downey wishes to challenge the Division Three Superior Court's order, he must do so before the

6

Division Three Superior Court.

Furthermore, we note that the State raises the alternative argument that the trial court abused its discretion in granting Downey's motion because the matter is moot as the State cannot provide the relief ordered by the trial court. We have previously held that a case is deemed moot "when no effective relief can be rendered to the parties before the court." *Samm v. State*, 893 N.E.2d 761, 765 (Ind. Ct. App. 2008). As the State has already turned the funds in question over to the federal government pursuant to the transfer order, the State is no longer in possession of the seized funds. While it may seem bothersome that the State may divest itself of the funds by transferring them to someone other than the defendant and now argue that the issue is moot, we must recognize that the federal government is a separate governmental entity and is not a party to this action. As such, we conclude that Downey's request for the funds is moot as the State cannot produce the funds that it does not possess.

As such, we reverse the Division One Circuit Court's order setting aside the transfer motion.

The judgment of the Division One Circuit Court is reversed.

RILEY, J., concurs.

ROBB, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

STATE OF INDIANA, )
 )
    Appellant-Petitioner, )
 )
      vs. )     No. 10A01-1310-CR-432
 )
CHASE R. DOWNEY, )
 )
    Appellee-Defendant. )

**ROBB, Judge, dissenting**

Because I disagree with several facets of the majority opinion, I respectfully dissent.

I begin by noting several additional facts and circumstances I find relevant. When Downey was arrested in 2011, Clark County had a Circuit Court with one judge and three Superior Courts, each with one judge. Ind. Code §§ 33-33-10-1 et seq. (2011). Downey was charged in Circuit Court on August 23, 2011. Despite that already-existing case, when the State sought to transfer the funds seized during Downey's arrest to the United States government in September of 2011, it prepared a motion and proposed order with no caption, referencing Downey only in the body of the motion. An Indiana State Police detective took the motion to the Clark County Clerk's Office where he was given a Superior Three cause number. However, he took the motion to Judge Vicki Carmichael, who was the judge of Superior One, and she signed the order, which stated:

> The Court being duly advised in the premises now grants said motion [to transfer possession of the funds], and, pursuant to Indiana Code 34-24-1-9(a),

8

> hereby relinquishes jurisdiction over the subject property and orders the Indiana State Police to transfer possession of the property to the Drug Enforcement Administration for forfeiture proceedings in keeping with federal law.

Appendix of Appellant at 47. Downey received no notice of the motion or the order, which Judge Carmichael signed without a hearing the same day it was filed. There is no indication in the record Judge Carmichael was sitting as the judge of Superior Three on that date.

Effective January 1, 2012, the Clark County courts underwent a reorganization. The Clark Superior Courts were abolished, P.L. 201-2011 § 116(c), and the Clark Circuit Court became "a court of general jurisdiction with four (4) judges." Ind. Code § 33-33-10-2.5(a). Pre-2012 Clark Circuit Court became Circuit Court Division One, Superior One became Circuit Court Division Four, Superior Two became Circuit Court Division Two, and Superior Three became Circuit Court Division Three. See Ind. Administrative Rule 8(B)(1). Beginning in November 2012, Downey began seeking release of the funds in his criminal case in now-Division One of Circuit Court. Division One granted Downey's motion for release of property and also granted his subsequent motion to compel release of property. At that time, neither Downey nor Division One had any knowledge of the transfer order that had been issued over a year before. In April of 2013, Downey filed a motion for rule to show cause because the State had not complied with Division One's orders regarding the funds. It was not until shortly before a hearing on that motion in June of 2013 that Downey's defense counsel, with the aid of the deputy prosecuting attorney, was able to track down the transfer order and learn that the funds had been transferred to the federal government pursuant to an order issued nearly two years earlier under a then-Superior Three (now Division Three) cause

9

number and signed by the then-Superior One (now Division Four) judge. Division One held several hearings in an effort to reconstruct the record as to the disposition of the funds, after which the court issued the order which is the subject of this appeal granting Downey's motion to set aside the original Superior Three/Division Three order granting the motion to transfer.

As the majority notes, the State argues on appeal that Division One lacked authority to set aside Division Three's transfer order.[3] Slip op. at 5; Amended Brief of Appellant at 7-8. The majority acknowledges the reorganization of the Clark County courts, but states that "absent relevant authority indicating otherwise, we must treat the courts as the separate courts they were at the time the underlying proceedings were filed." Slip op. at 6. I do agree that the case law cited by the majority as well as the way the organizational statutes were written pre-2012 support the notion that in 2011, the Circuit Court in which Downey was charged and the Superior Court which issued the transfer order were separate courts. I can only assume, however, that the legislature's reorganization of the Clark County courts into one circuit court with four divisions was done with a purpose and that the multiple divisions of the circuit court are not now to be treated the same as the separate circuit and superior courts were previously. Throughout Indiana Code chapter 33-33-10 regarding the reorganized court system in Clark County, the singular term "court" is repeatedly used. See, e.g., Ind. Code §

---

[3] If the State made this argument to the trial court at all, it was brief and tangential to the substance of its briefing and argument at the hearings that the transfer order was proper and any challenge thereto should be made in federal court in the forfeiture action. See Appendix of the Appellant at 62 (State's Brief Supporting Turnover of Monies to the Drug Enforcement Administration) and 80 (State's Memorandum Supporting the Indiana State Police Turnover of $8,765 U.S. Currency to the Drug Enforcement Administration for Federal Forfeiture Proceedings). Nonetheless, Downey does not contest the State's right to raise that issue on appeal.

33-33-10-2.5(a) ("The Clark circuit <u>court</u> is <u>a court</u> of general jurisdiction with four (4) judges. . . . Clark County constitutes the judicial district of the <u>court</u> and each of the court's divisions."); Ind. Code § 33-33-10-2.5(b) ("The assignment of judges of the circuit <u>court</u> to the dockets specified in subsection (a) must be by rule of <u>the circuit court</u>."). Prior to 2012, the statutes separately addressed the Circuit Court and the Superior Courts and also referred to the Superior Courts in the plural. <u>See</u>, <u>e.g.</u>, Ind. Code § 33-33-10-3 (2011) ("There are established three (3) superior courts in Clark County, each of which consists of one (1) judge . . . ."). I see no particular reason not to begin recognizing this change as of the date it was effective, rather than looking back to the date of filing. Accordingly, I do not believe Division One abused its discretion in setting aside the order of Division Three.

Moreover, even if I were to accept the majority's premise that we must treat the courts as they existed when the case was filed, I would still disagree with the result. The Circuit Court had jurisdiction over the criminal case against Downey, and therefore, over the evidence relevant to that case. Yet, the State did not seek transfer of that evidence in the Circuit Court. Instead, it filed the motion in Superior Three, but took the motion to the Superior One judge for signature. If one court cannot control the processes of any other court of equal jurisdiction, then neither the Superior Three court nor the Superior One judge should have been issuing orders affecting a Circuit Court case. To the extent the distinction between the courts was important prior to reorganization or remains important now, the State itself did not hold the distinction in high regard and treated the courts even when they were separate as if they were interchangeable, filing the motion to transfer funds relating to a

11

circuit court criminal case in one superior court and obtaining a signature on the order from the judge of an entirely different superior court. Accordingly, I also do not agree with the majority that Downey must challenge the transfer order only in Division Three if at all. See slip op. at 7. Even if that was the case, however, I question how he could do so when he was not even aware there was a transfer order out of Division Three until nearly two years after it was issued. Likewise, I do not agree with the majority that Downey's request is moot. The money still exists even if it is no longer in the State's immediate possession. That the State may need to recover it from the federal government or take other action to provide the relief the court ordered does not make this issue moot.

I would affirm the judgment of the trial court.