OPINION
BRADFORD, Judge.
CASE SUMMARY
Appellee-Defendant Chase R. Downey was arrested after guns, marijuana, and a large sum of cash were discovered during a traffic stop of the vehicle in which he was a passenger. At the time of the stop, Downey indicated that the cash belonged to him. The cash was seized at the time of his arrest. On August 28, 2011, Downey was charged in Division One of the Clark County Circuit Court (the “Division One Circuit Court”) with Class B felony unlawful possession of a firearm by a serious violent felon, Class C felony carrying a handgun without a license, and Class D felony possession of marijuana. On September 16, 2011, the funds seized from Downey were transferred to the federal government pursuant to a transfer order that was issued by the trial judge presiding over Division Three of the Clark County Superior Court (the “Division Three Superior Court”).[1]
Downey filed several requests in the Division One Circuit Court to have the seized funds returned to him before filing a motion to set aside the transfer order on July 27, 2018. The Division One Circuit Court subsequently granted Downey’s petition to set aside the transfer order and instructed Appellant-Plaintiff the State of Indiana (the “State”) to return the seized funds to Downey. On appeal, the State contends that the Division One Circuit Court abused its discretion in setting aside an order of the Division Three Superior Court, a separate court of equal jurisdiction. Concluding that the Division One Circuit Court abused its discretion in setting aside the transfer order, we reverse the judgment of the Division One Circuit Court.
FACTS AND PROCEDURAL HISTORY
On August 18, 2011, Indiana State Trooper Nathan Abbott initiated a traffic *814 stop after he observed a white Chevy Impala make an abrupt lane change on Interstate 65 “[u]pon seeing his unmarked police car.” Tr. p. 161. In making the abrupt lane change, the driver of the Impala “almost [struck] another vehicle.” Tr. p. 161. During the traffic stop, Trooper Abbott observed a “large wad of currency” next to the front seat passenger, who was subsequently identified as Downey. Tr. p. 136. Trooper Abbott also noticed a strong smell of marijuana coming from the vehicle. Trooper Abbott’s K9 partner also indicated the presence of marijuana on the passenger side door and the trunk of the vehicle.
A subsequent search of the vehicle revealed two guns and an additional $8000 to $9000 in the trunk of the vehicle. Downey later indicated that the money in the trunk was his and that he was “going to Chicago to purchase marijuana to take it back to Lexington, Kentucky to sell it.” Tr. p. 199. Soon thereafter, on August 28, 2011, the State charged Downey, in the Division One Circuit Court under Cause Number 10D01-1108-FB-131[2] (“Cause No. FB-131”), with Class B felony unlawful possession of a firearm by a serious violent felon, Class C felony carrying a handgun without a license, and Class D felony possession of marijuana.
On September 16, 2011, Indiana State Police Detective David Mitchell requested that the Clark County Prosecutor’s Office file a motion to transfer $8765.00 seized from Downey to the federal government. Upon receiving a signed motion from the Prosecutor’s Office, Detective Mitchell went to the Clark County Clerk’s Office and filed the motion. The motion was filed in the Division Three Superior Court under Cause Number 10C03-1109-MC-755 (“Cause No. MC-755”). Also on September 16, 2011, the Division Three Superior Court issued an order granting the motion to transfer without conducting a hearing. Pursuant to the transfer order, $8765.00 in seized funds were transferred to the federal government and later deemed forfeited following federal forfeiture proceedings.
Beginning in November of 2012, Downey filed legal documents in the Division One Circuit Court requesting the return of the $8765.00 which was seized at the time of his arrest. On July 27, 2013, after realizing that the seized funds had been transferred to the federal government, Downey filed a motion requesting that the Division One Circuit Court set aside the transfer order issued by the Division Three Superi- or Court. Following significant briefing and several hearings, the Division One Circuit Court granted Downey’s motion and issued an order instructing the State to return the seized funds to Downey. This appeal follows.
DISCUSSION AND DECISION
On appeal, the State contends that the Division One Circuit Court abused its discretion in granting Downey’s motion to set aside the transfer order and in instructing the State to return the seized funds to Downey. The decision whether to grant relief from a prior court order is given substantial deference on appeal and is reversed only upon a showing of abuse of the trial court’s discretion. Rissler v. Lynch, 744 N.E.2d 1030, 1032 (Ind.Ct.App.2001).
An abuse of discretion may occur if the trial court’s decision is clearly against *815 the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. McCullough v. Archbold Ladder Co., 605 N.E.2d 175, 180 (Ind.1993). Furthermore, in reviewing the decision of the trial court, we will not reweigh the evidence or substitute oür judgment for that of the trial court. Professional Laminate & Millwork, Inc. v. B & R Enterprises, 651 N.E.2d 1153, 1157 (Ind.Ct.App.1995).

Id.

In challenging the Division One Circuit Court’s order granting Downey’s motion to set aside the transfer order, the State argues that the Division One Circuit Court lacked the authority to set aside an order of another trial court. “The rule is quite well settled, that one court cannot control the execution of the orders or process of any other court of equal jurisdiction.” Gregory v. Perdue, 29 Ind. 66, 69 (1867) (citing The Ind. & Ill. R.R. Co. et al. v. Williams, 22 Ind. 198, 200 (1864)). “Nor can one court modify or change the record of another court of equal jurisdiction.” Coleman v. Barnes, 33 Ind. 93, 94 (1870). This rule is inherent in Indiana’s judicial hierarchy in which courts are supervised by the Indiana Supreme Court, not other superior or circuit courts. See Shideler v. Vrljich, 195 Ind. 563, 568, 145 N.E. 881, 883 (1925) (providing that one circuit or superior court has no supervisory power over the execution of process from another such court).
It is undisputed that at the time the transfer order was issüed, the Division One Circuit Court and the Division Three Superior Court were Separate courts. Again, in the instant matter, the State charged Downey with multiple crimes in the Division One Circuit Court under Cause No. FB-131. The Clark County Prosecutor, at the request of Detective Mitchell, filed a motion to transfer the $8765.00 seized from Downey at the time of his arrest to the federal government. The request to transfer was assigned to the Division Three Superior Court under Cause Number MC-755. Although we acknowledge that the Division One Circuit Court and the Division Three Superior Court have since been reorganized as separate divisions of the Circuit Court, we believe that, absent relevant authority indicating otherwise, we must treat the courts as the separate courts they were at the time the underlying proceedings were filed.
Beginning in November of 2012, Downey filed numerous motions in the Division One Circuit Court seeking the release of the $8765.00 seized from him at the time of his arrest. On July 27, 2013, after realizing that the seized funds had been transferred to the federal government, Downey filed a motion requesting that the Division One Circuit Court set aside the transfer order issued by the Division Three Superior Court. The Division One Circuit Court subsequently granted Downey’s motion and issued an order instructing the State to release the funds to Downey or his designee. The Division One Circuit Court issued this order over the State’s objection that the Division One Circuit Court did not have the authority to set aside the order of a different court of equal jurisdiction.
In light of the long-standing rule that one court cannot control the orders or process of any other court of equal jurisdiction, we conclude that the Division One Circuit Court abused its discretion in setting aside the order of the Division Three Superior Court. If Downey wishes to challenge the Division Three Superior Court’s order, he must do so before the Division Three Superior Court.
*816 Furthermore, we note that the State raises the alternative argument that the trial court abused its discretion in granting Downey’s motion because the matter is moot as the State cannot provide the relief ordered by the trial court. We have previously held that a case is deemed moot “when no effective relief can be rendered to the parties before the court.” Samm v. State, 893 N.E.2d 761, 765 (Ind.Ct.App.2008). As the State has already turned the funds in question over to the federal government pursuant to the transfer order, the State is no longer in possession of the seized funds. While it may seem bothersome that the State may divest itself of the funds by transferring them to someone other than the defendant and now argue that the issue is moot, we must recognize that the federal government is a separate governmental entity and is not a party to this action. As such, we conclude that Downey’s request for the funds is moot as the State cannot produce the funds that it does not possess.
As such, we reverse the Division One Circuit Court’s order setting aside the transfer motion.
The judgment of the Division One Circuit Court is reversed.
RILEY, J., concurs.
ROBB, J., dissents with opinion.

. We note that effective January 1, 2012, the Division JTiree Superior Court was abolished and reorganized as the Clark County Circuit Court Division JTiree. However, because the reorganization of the Clark County court system occurred after the underlying transfer order was issued, we will continue to treat the newly organized Division Three Circuit Court as the Division Three Superior Court.

. We note that the original file stamp on the motion to transfer indicated that the motion was filed on September 16, 2011, under Cause Number 10D01-1108-FB-131. However, we observe that a copy of the Chronological Case Summary for this matter suggests that upon reorganization of the Clark County Courts on January 1, 2012, the cause number was changed to Cause Number 10C03-1109-MC-755.