ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Andrew A. Kobe
Deputy Attorney General

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Karen Huelskamp
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana, Consolidated City of Indianapolis/Marion County, the Metropolitan Law Enforcement Agency, the Indiana State Police, the Marion County Prosecutor, and the Indiana Department of Revenue, <br><br> *Appellants,* <br><br> v. <br><br> El Rodeo #11, LLC, <br><br> *Appellee.* | January 29, 2015 <br><br> Court of Appeals Cause No. 49A05-1406-MI-257 <br><br> Appeal from the Marion Superior Court, The Honorable David. A. Shaheed, Judge <br><br> Cause No. 49D01-1311-MI-0432384 |

**Mathias, Judge.**

[1] The State of Indiana, the Consolidated City of Indianapolis/Marion County, the Metropolitan Law Enforcement Agency, the Indiana State Police, the Marion County Prosecutor, and the Indiana Department of Revenue (collectively "Marion County") appeal the Marion Superior Court's order granting El Rodeo #11's motion to return improperly seized funds. Specifically, Marion County argues that the trial court erred when it ordered Marion County to return El Rodeo's funds because the funds were seized by and are being held in the Tippecanoe County Prosecutor's Office.

[2] We reverse and remand for proceedings consistent with this opinion.

# Facts and Procedural History

[3] On November 10, 2012, El Rodeo #11, which is located in Greenfield, Indiana, was completely destroyed by a fire. Appellant's App. p. 58. El Rodeo #11 submitted a claim for property losses to its insurance company, and the claim was settled for $1,152,570.73. El Rodeo #11 deposited the insurance proceeds into an account at Chase Bank, which was opened specifically to receive those funds. The funds were eventually withdrawn from the Chase account and transferred to an account at PNC Bank, which also held only the insurance proceeds. El Rodeo #11 paid certain construction costs from those funds, and in November 2013, the PNC account had a balance of $967,840,81.

[4] Prior to November 18, 2013, the Tippecanoe County Prosecutor's Office served a warrant for seizure of El Rodeo #11's funds in the PNC Bank account. The

bank issued a cashier's check in the amount of $967,840.81 and gave the check to the Tippecanoe County Prosecutor's Office.

[5]     On November 18, 2013, the Marion Superior Court, at the request of the Marion County Prosecutor's Office, issued an order to freeze El Rodeo #11's PNC bank account. The order froze the PNC Bank account's assets, but the account balance was zero.

[6]     Shortly thereafter, Marion County filed a Complaint for Forfeiture demanding judgment against numerous defendants for forfeiture of certain funds held by the defendants at various banks. El Rodeo #11 was named as a defendant in the complaint. The complaint alleged that the funds "had been furnished or w[ere] intended to be furnished in exchange for a violation of a criminal statute, or [are] traceable as proceeds of a violation of a criminal statute, in violation of Indiana law, as provided in I.C. 34-24-1-1." *Id*. at 32.

[7]     The forfeiture complaint was amended on December 3, 2013, and specifically named El Rodeo #11's "$967,840.81 in U.S. Currency Located in PNC Bank, Acct. ending in 2997" as a defendant. *Id*. at 37. Marion County also added a second count to the complaint and alleged that the named defendants "have participated in, constructed, and continued to operate a corrupt enterprise, through a pattern of racketeering activity, as defined in I.C. 34-24-2-1." *Id*. at 38.

[8]     El Rodeo #11 filed an answer and affirmative defenses but also filed a "Motion to Return Insurance Proceeds Improperly Seized." In response, Marion County

filed a motion to dismiss El Rodeo #11 from its forfeiture complaint because the Tippecanoe County Prosecutor's Office has possession of El Rodeo #11's funds and has also filed a forfeiture complaint against El Rodeo #11.

[9] On May 7, 2014, the trial court held a hearing on El Rodeo #11's motion for return of insurance proceeds and Marion County's motion to dismiss. A representative of the Tippecanoe County Prosecutor's Office was also present at the hearing. Marion County argued that El Rodeo #11's motion should be denied because Marion County had "nothing to give back to [El Rodeo #11] because the funds are physically in Tippecanoe County." Tr. p. 22. Marion County also argued that because identical forfeiture proceedings were pending in both Marion and Tippecanoe Counties, pursuant to Trial Rule 12(B)(8), the Marion County proceedings should be dismissed. Marion County conceded that the funds at issue were insurance proceeds but would not agree that the funds were not subject to forfeiture.[1]  Tr. p. 35.

[10] However, Marion County implied that the funds could be released to El Rodeo #11 if it would agree that Marion County could "add El Rodeo #11 the actual property and business to its forfeiture complaint." Tr. p. 37. Marion County proposed that the funds would be released in installments "as long as [El Rodeo #11] provide[s] proper accounting for what" the funds are spent.  Tr. p. 38. Marion County also stated that it could not "compel [Tippecanoe County] to give that money over. We had talked about the offer, I believe that can be done

---

[1] Marion County argued that proceeds of insurance are forfeitable if they were the proceeds of wrongdoing, i.e. if the policy was purchased with illegally obtained funds. Tr. p. 42.

through mutual cooperation, if everyone is agreeable to that solution." *Id*. El Rodeo #11 responded that the funds should have never been seized and Marion County was "in no position to demand any kind of terms and conditions for the release of the money." Tr. p. 39.

[11] The trial court denied Marion County's motion to dismiss. The court granted El Rodeo #11's motion for return of its insurance proceeds and ordered Marion County to "return, or cause to be returned, the $967,840.81 seized improperly from the account of El Rodeo #11 within five (5) business days from the date" of its May 7, 2014 order. Marion County requested a stay of the trial court's order and requested that the trial court clarify whether the court "has granted summary judgment to Defendants on the claim of forfeiture to the disputed funds" or whether the court's order only affects possession of the funds "without deciding the merits of Plaintiff's complaint." Appellant's App. p. 152.

[12] On May 16, 2014, El Rodeo #11 filed a petition requesting that the trial court hold Marion County in contempt of court for failing to return its seized funds. On May 22, the trial court issued a show cause order and directed Marion County to "bring with them to the [June 18, 2014] hearing a check either endorsed by the appropriate party, or made directly payable to El Rodeo #11, in the amount of $967,840.81." *Id*. at 158. On June 6, 2014, Marion County filed an interlocutory appeal of right pursuant to Indiana Appellate Rule 14(A).

# Discussion and Decision

[13] Marion County argues that the trial court erred when it was ordered to return funds to El Rodeo #11, which were never seized by the Marion County Prosecutor's Office and are "being legally held pursuant to a different case now pending in Tippecanoe County." Appellant's Br. at 6. Marion County contends that El Rodeo #11 needs to seek relief in Tippecanoe County, which is holding the funds "under the authority of a court in that county." *Id.* at 6. Finally, Marion County argues that the trial court "had no jurisdiction to order payment of funds being held under the authority and order of" the Tippecanoe Superior Court. *Id.* at 7.

[14] In response, El Rodeo #11 contends that the Tippecanoe County Prosecutor is an agent of the State of Indiana, as is the Marion County Prosecutor. Therefore, it does not matter which prosecutor's office is holding El Rodeo's funds because the "agency holds it by and under the laws of the State of Indiana." Appellee's Br. at 6. El Rodeo #11 claims that the trial court's order does not infringe on the authority of the Tippecanoe Superior Court because the trial court effectively ordered the State of Indiana to return El Rodeo #11's funds. Specifically, El Rodeo #11 argues that the plaintiff "is the State of Indiana not the Marion County Prosecutor. The Marion County Prosecutor represents the State of Indiana as its attorney. . . . The money is being held by a subdivision of the State of Indiana not a different government agency." *Id.* at 7.

[15]     Our General Assembly has authorized county prosecutors to represent the State and the State Police in certain civil forfeiture actions. *See State v. Combs*, 921 N.E.2d 846, 852 (Ind. Ct. App. 2010); *see also* Ind. Code § 34-24-1-3 (authorizing the "prosecuting attorney for the county in which the seizure occurs" to bring a civil forfeiture action "in the name of . . . the state and the unit that employed the law enforcement officers who made the seizure"). In this case, the Marion County Prosecutor's Office initiated the forfeiture action on its own behalf, the State, the State Police, the City of Indianapolis, the Metropolitan Law Enforcement Agency, and the Indiana Department of Revenue.

[16]     However, while Marion County was able to freeze El Rodeo #11's PNC Bank account, the Tippecanoe County Prosecutor's Office had already seized the funds in that account under the authority of the Tippecanoe Superior Court. It is undisputed that the Marion County Prosecutor's Office is not in possession of El Rodeo #11's funds. On the date of the hearing in this case, the Tippecanoe County Prosecutor's Office retained possession and control over the seized funds. The seized funds have not been turned over to the State.

[17]     The "prosecuting attorney **for the county in which the seizure occurs** may, . . . cause an action for reimbursement of law enforcement costs and forfeiture to be brought by filing a complaint in the circuit or superior court **in the jurisdiction where the seizure occurred**." I.C. § 34-24-1-3 (emphasis added). Also, Indiana Code section 34-24-2-2 allows "[t]he prosecuting attorney **in a county in which any of the property is located** [to] bring an action for the forfeiture of any

property: (1) used in the course of; (2) intended for use in the course of; (3) derived from; or (4) realized through; conduct in violation of IC 35-45-6-2," which statute defines corrupt business influence. (Emphasis added).

[18] El Rodeo #11's property was seized by and located in Tippecanoe County when the Marion County Prosecutor's Office filed its November 21, 2013, complaint for forfeiture. Therefore, the Marion County Prosecutor's Office could not meet the statutory requirements for filing a forfeiture complaint under either Indiana Code section 34-24-1-3 or Indiana Code section 34-24-2-2.

[19] Marion County filed a motion to dismiss its forfeiture complaint against El Rodeo #11 because the Tippecanoe County Prosecutor's Office possesses El Rodeo #11's funds. Appellant's App. pp. 160-62. Because El Rodeo #11's funds were not located in Marion County, the trial court should have granted Marion County's motion to dismiss.

[20] The trial court also improperly granted El Rodeo #11's motion to return insurance proceeds improperly seized. First, we observe that El Rodeo #11 inexplicably filed this motion in the Marion Superior Court forfeiture action even though its funds were seized and are in the custody of the Tippecanoe County Prosecutor's Office. The record does not disclose whether El Rodeo #11 has filed a similar motion in Tippecanoe County.

[21] None of the named plaintiffs, including the State and the State Police, are in possession of the seized funds; therefore, Marion County is unable to provide the relief ordered by the trial court. "A case is deemed moot 'when no effective

relief can be rendered to the parties before the court.'" *State v. Downey*, 14 N.E.3d 812, 816 (Ind. Ct. App. 2014) (quoting *Samm v. State*, 893 N.E.2d 761, 765 (Ind. Ct. App. 2008)), *trans. pending*. El Rodeo #11's request for the seized funds is moot because Marion County cannot produce funds that it does not (and never) possessed. *See Downey*, 14 N.E.3d at 816 (concluding that Downey's request for funds was moot because the State turned his seized funds over to the federal government pursuant to court order).

[22] Moreover, the Tippecanoe County Prosecutor's Office is not a named party in this case,[2] and we disagree with El Rodeo #11's assertion that it does not matter which prosecutor's office is holding El Rodeo #11's funds because the "agency holds it by and under the laws of the State of Indiana." Appellee's Br. at 6. County prosecutors are part of the executive branch of government, and the office "represents the executive in the enforcement of the criminal laws of the state." *Schweitzer v. State*, 700 N.E.2d 488, 493 (Ind. Ct. App. 1998) (Sullivan, J., concurring in result), *trans. denied*. However, county prosecutors represent "the state of Indiana in all criminal matters arising **within his [or her] jurisdiction**" unless he or she is disqualified "for some reason." *State ex re. Powers v. Vigo Circuit Court*, 236 Ind. 408, 412, 140 N.E.2d 497, 499 (1957).

[23] El Rodeo #11 would have us hold that a judgment against the State may be enforced against any political subdivision within the State. Such a conclusion is illogical and untenable. El Rodeo #11 does not cite, and our research does not

---

[2] However, a representative from the Tippecanoe Prosecutor's Office was present at the hearing held on May 7, 2014.

reveal, any authority for its proposition that the trial court's judgment against Marion County can be used to compel Tippecanoe County to return the seized funds in its possession to El Rodeo #11. For all of these reasons, we conclude that the trial court erred when it granted El Rodeo #11's "Motion to Return Insurance Proceeds Improperly Seized."

# Conclusion

[24] We reverse and remand this case to the trial court with instructions to grant Marion County's motion to dismiss its forfeiture complaint against El Rodeo #11, and we vacate the trial court's order granting El Rodeo #11's motion to return insurance proceeds.

[25] Reversed and remanded for proceedings consistent with this opinion.

Najam, J., and Bradford, J., concur.