FILED

Feb 02 2018, 6:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANTS

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana and the Indiana Bureau of Motor Vehicles,<br><br>*Appellants-Respondents,*<br><br>v.<br><br>Daniel Reinhart,<br><br>*Appellee-Petitioner* | February 2, 2018<br><br>Court of Appeals Case No.<br>01A02-1709-MI-2049<br><br>Appeal from the Adams Superior Court<br><br>The Honorable Patrick R. Miller, Judge<br><br>Trial Court Cause No.<br>01D01-1703-MI-12 |

**Baker, Judge.**

[1] The State of Indiana and the Indiana Bureau of Motor Vehicles (BMV) (collectively, the State) appeal the trial court's order granting Daniel Reinhart's petition for special driving privileges after his privileges had been suspended for life by a trial court in a different county. We reverse and remand with instructions.

[2] In April 2012, Reinhart's driving privileges were suspended by an Adams County trial court for ten years for being an habitual traffic violator (HTV). In September 2015, Reinhart's driving privileges were suspended for another ten years by an Adams County trial court for being an HTV. Also in September 2015, Reinhart's driving privileges were suspended for life by Noble County after he was convicted of Level 6 felony driving when his driving privileges were validly suspended.

[3] On March 23, 2017, Reinhart filed a petition in Adams County for specialized driving privileges with regard to all three suspensions. On May 9, 2017, following a factfinding hearing, the trial court granted Reinhart's petition. The same day, the State filed a motion to correct error, arguing that the Adams County trial court did not have jurisdiction to modify a criminal sentence entered by a Noble County trial court. On August 11, 2017, the trial court denied the State's motion to correct error, reasoning as follows:

The Court acknowledges that the Petitioner was convicted in the Noble Circuit Court[1] of a felony level offense for Operating as a Habitual Traffic Violator and as a result of that conviction the Petitioner's driving privileges were suspended for life. However, the Court also notes that statutorily, at the time of that conviction, Indiana State law required a lifetime suspension of the Offender['s] driving privileges and that said suspension was not discretionary. Therefore, this Court believes that the lifetime suspension of the Petitioner's driving privileges that arose as a result of his conviction in the Noble Circuit Court was an administrative suspension imposed by the [BMV] and not as a result of any order issued by [the Noble Superior Court]. Thus this Court is the proper court of jurisdiction to address the Petitioner's request for Specialized Driving Privileges and not the Noble [Superior] Court.

Appellants' App. Vol. II p. 11. The State now appeals.

[4] We apply a de novo standard of review to issues regarding jurisdiction and statutory interpretation. *E.g.*, *Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 384 (Ind. Ct. App. 2017).

[5] Indiana Code chapter 9-30-16 grants trial courts the authority to issue specialized driving privileges to someone whose driving privileges have been suspended. Indiana Code section 9-30-16-3 allows an individual to file a petition for specialized driving privileges when those privileges were suspended by court order by filing the petition with the court that imposed the suspension.

---

[1] The order was entered by the Noble Superior Court, not the Noble Circuit Court. Appellants' App. Vol. II p. 32.

But if the driving privileges were administratively—as opposed to judicially— suspended, the petitioner must file the petition for specialized driving privileges in the county in which he resides. I.C. § 9-30-16-4.

[6] Here, Reinhart's driving privileges were suspended for life by a Noble County trial court's order. He was convicted of a Level 6 felony, and the sentencing order following that conviction states that his driving privileges were suspended for life. Appellants' App. Vol. II p. 32. The fact that the Noble County court was required to suspend his privileges for life does not transform the suspension, which was part of a criminal sentencing order, into an administrative suspension. The trial court erroneously concluded otherwise.

[7] For Reinhart to obtain specialized driving privileges related to the Noble County order, he was required to file that petition in Noble County. I.C. § 9-30-16-3. The Adams County trial court did not have jurisdiction to modify the Noble County order. *E.g.*, *State v. Downey*, 14 N.E.3d 812, 815 (Ind. Ct. App. 2014) (noting that it is inherent in Indiana's judicial hierarchy that one court cannot modify or change the record of another court of equal jurisdiction). Therefore, we reverse and remand.

[8] The judgment of the trial court is reversed and remanded with instructions that the trial court vacate the portion of its order related to Reinhart's Noble County suspension.

Riley, J., and Brown, J., concur.